**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 94-40554

---

Becky H. Alexander,

Plaintiff-Appellant,

versus

Richard Ieyoub, et al.

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

August 22, 1995

---

Before WISDOM, WIENER, and PARKER, Circuit Judges.

WIENER, Circuit Judge:

The Court withdraws the original opinion issued in this case dated May 19, 1995, and appearing at 52 F.3d 554 (5th Cir. 1995), and substitutes the following opinion.

Plaintiff-Appellant Becky H. Alexander (Alexander) appeals the district court's dismissal of her 42 U.S.C. §1983 suit against the Defendants-Appellees, the former and current district attorneys (DAs) of Calcasieu Parish, Louisiana, and two parish assistant district attorneys (ADAs)(collectively Defendants)[1],

---

[1]The district court granted the dismissal motions of two other defendants, District Judges William McLeod and Charley Quienalty, on the basis of judicial immunity. Alexander does not appeal that part of the district court's ruling.

stemming from the 1988 seizure of Alexander's car by officials of the Calcasieu Parish Sheriff's Department.  Concluding that neither the Parratt/Hudson doctrine nor the Younger abstention doctrine justifies dismissal of Alexander's §1983 suit, we reverse and remand.[2]

I

FACTS AND PROCEEDINGS

In September 1988, police officers from the Calcasieu Parish Sheriff's Department, acting pursuant to an investigation of suspected drug activity, seized Alexander's automobile after its driver attempted to elude arrest.  The officers arrested the driver of the car, Winston Joseph Fruge, and the car's passenger, David Lee Anthony Charney.  A search of the car did not uncover any drugs or other contraband.  The DA's office charged Fruge, Charney, and Alexander (who was not present at the time of the car's seizure) with various drug counts.  In exchange for Charney's guilty pleas to the counts, however, the DA's office in October 1989 dismissed the charges against Alexander.

Although Alexander repeatedly requested the return of her car through a certified letter and several phone calls, the Defendants refused to release Alexander's car from custody.  The Defendants told Alexander that the DA's office was holding her car on the belief that she was a consenting party to the drug

---

[2]In reversing and remanding on the basis of the district court's erroneous application of the Parratt/Hudson doctrine and the Younger abstention doctrine, we are not expressing any opinion on the merits of Alexander's §1983 suit or on any possible defenses to her suit.

violations.  Under Louisiana law, property seized incident to an arrest is forfeited only after the DA institutes a hearing and shows that essential factors for forfeiture have been met.[3]  In a forfeiture proceeding, dismissal of the charges against the owner of the seized property creates a rebuttable presumption that the property will not be forfeited, unless the DA shows a compelling reason for such forfeiture by clear and convincing evidence.[4]

In October 1990, more than two years after the Defendants seized Alexander's car, she filed suit in state court seeking damages and the return of her car.  In August 1991, one month before the state suit was set for trial and nearly three years after the car's seizure, the DA's office finally filed a motion to forfeit the car - - instituting the forfeiture hearing necessary for determining the proper final disposition of the car.  In October 1991, however, after the parties had submitted evidence and presented testimony in the forfeiture proceeding, the presiding judge suspended the forfeiture proceeding and transferred it to the judge presiding over Alexander's state tort action.

---

[3]La. Rev. Stat. Ann. § 32:1550(C)(1)-(3)(West 1989) provides that the property seized:
   "shall be forfeited in a hearing instituted by the district attorney upon . . . a showing by the district attorney that the seizure was constitutional or that the seizure was made upon reasonable grounds to believe the seizure was constitutional [,]. . . that the owner of the conveyance was knowingly and intentionally a consenting part or privy to a [drug] violation . . . [and] that the value of the contraband was in excess of five hundred dollars or that the contraband was intended for commercial sale."

[4]See La. Rev. Stat. Ann. § 32:1550(C)(4)(West 1989).

Approximately two weeks after the forfeiture proceeding was suspended, Alexander filed a §1983 suit against the Defendants in district court, alleging that the Defendants had conspired to deprive Alexander of her constitutional right to due process. The district court granted summary judgment in favor of the Defendants on the basis of absolute immunity. On appeal, we reversed the district court's ruling that the Defendants were entitled to absolute immunity and remanded the case to the district court.[5]

The Defendants then filed a motion in the district court to dismiss Alexander's complaint for failure to state a claim, or alternatively, for summary judgment, which the court granted. In its opinion granting the motion, the district court dismissed Alexander's suit based on Parratt v. Taylor[6] and Hudson v. Palmer[7] (the Parratt/Hudson doctrine). In the alternative, the district court held that abstention based on Younger v. Harris[8] (the Younger abstention doctrine) also provided a basis for granting the Defendants' motion. As the court considered the Parratt/Hudson doctrine and the Younger abstention doctrine to be dispositive of the case, it did not address further the legal sufficiency of Alexander's complaint. Alexander timely appealed

---

[5]See Alexander v. Ieyoub [Alexander I], No. 92-4278 (5th Cir. Jul. 2, 1993)(unpublished opinion).

[6]101 S.Ct. 1908 (1981), overruled in part not relevant here, Daniels v. Williams, 106 U.S. 662 (1986).

[7]104 S.Ct. 3194 (1984).

[8]91 S.Ct. 746 (1971).

4

the district court's ruling pro se.

II

ANALYSIS

A.   STANDARD OF REVIEW

Our review of the issue whether the district court properly applied the Parratt/Hudson doctrine is de novo, as it is a question of law.[9]  We review the district court's decision to dismiss on Younger abstention grounds under an abuse-of-discretion standard.[10]  Our application of the abuse-of-discretion standard in reviewing a district court's decision to abstain, however, is more stringent than in reviewing a district court's evidentiary ruling.[11]  To abstain properly, the district court must exercise its discretion strictly within the limits imposed by the particular doctrine of abstention on which the court relies.[12]

---

[9]See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995)(reviewing de novo district court's dismissal for failure to state claim upon which relief may be granted); Shabazz v. Van Benschoten, 996 F.2d 1217 (table), No. 92-2380, 1993 WL 225324, at *2 (6th Cir. 1993)(unpublished opinion)(analyzing Parratt/Hudson doctrine); Hall v. Arizona State Dep't of Corrections, 977 F.2d 588 (table), No. 92-15641, 1992 WL 246984, at *1 (9th Cir. 1992)(unpublished opinion)(examining Parratt/Hudson doctrine).

[10]See American Bank and Trust Co. v. Dent, 982 F.2d 917, 922 n.6 (5th Cir. 1993)(holding that abstention decisions are generally reviewed under abuse-of-discretion standard).

[11]See id.

[12]See id.

B.   PARRATT/HUDSON DOCTRINE

Under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy.[13]  The Supreme Court observed in Zinermon v. Burch[14] that, in the context of the Parratt/Hudson doctrine, state officials could not characterize their conduct as random and unauthorized if the state had "delegated to them the power and authority to effect the very deprivation complained of."[15]  Our examination of Alexander's allegations leads us to conclude that the Parratt/Hudson doctrine does not foreclose adjudication of her §1983 suit because the "random and unauthorized" element necessary for its application is absent.

We disagree with the Defendants' contention that their actions in failing timely to institute a forfeiture proceeding were unpredictable, intentional violations of state law that fell within the ambit of the Parratt/Hudson doctrine and therefore precluded Alexander from asserting a procedural due process claim

---

[13]See Hudson v. Palmer, 104 S.Ct. 3194, 3202-05 (1984); Parratt v. Taylor, 101 S.Ct. 1908, 1913-17 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). See also Zinermon v. Burch, 110 S.Ct. 975, 985-86 (observing that Supreme Court in Hudson and Parratt concluded that, as States could not predict and therefore could not safeguard against random and unauthorized deprivations through predeprivation process, adequate postdeprivation remedies were sufficient process).

[14]110 S.Ct. 975 (1990).

[15]Id. at 990.

in her §1983 suit.  Although the Louisiana statute providing for a forfeiture proceeding gives the DA the authority to institute the proceeding, it does not specify a time period within which the DA should act.[16]  The Defendants therefore had the discretion to institute the proceeding whenever they wanted, and their actions in delaying for nearly three years, although unreasonable, were not in conflict with their authority under state law.

Moreover, Alexander averred in her §1983 suit that the Defendants were following their common practice for dealing with seized property when they kept her car in custody without timely instituting a forfeiture proceeding, and she supported her assertion with corroborating evidence.  As Alexander alleged that the Defendants' failure timely to institute a forfeiture proceeding was in accordance with their customary procedures, the "random and unauthorized" element required for the application of the Parratt/Hudson doctrine is not met.  Alexander has also submitted sufficient discrete evidence in support of her position that the Defendants' conduct was not random and unauthorized to demonstrate a genuine issue of material fact, immunizing her case from summary judgment disposition based on the Parratt/Hudson doctrine.  The district court therefore erred in dismissing Alexander's suit on the basis of the Parratt/Hudson doctrine.[17]

---

[16]See La. Rev. Stat. Ann. § 32:1550(C)(West 1989).

[17]Although the district court did not expressly state that it had looked beyond the pleadings in dismissing Alexander's suit, it ordered that the "Motion for Summary [J]udgment by

7

C.   <u>YOUNGER</u> ABSTENTION DOCTRINE

The <u>Younger</u> abstention doctrine provides that federal equitable relief is generally unavailable against pending state criminal prosecutions except in narrowly defined and unusual circumstances.[18]  The Supreme Court in <u>Huffman v. Pursue</u>[19] extended the doctrine to state civil proceedings that were "both in aid of and closely related to criminal statutes," as those cases involved the same concerns of comity and federalism present in state criminal proceedings.[20]

In the instant case, two state court proceedings are pending: Alexander's tort claim seeking the car's release and damages, and the state's forfeiture proceeding for which no date has yet been fixed.  Although the Louisiana Supreme Court has recognized that a forfeiture proceeding is quasi-criminal[21], <u>Younger</u> abstention is not appropriate in the instant case.  We

---

defendants should be GRANTED."  In addition, the magistrate judge's memorandum ruling considered evidence submitted outside of the pleadings.  Therefore, even though the district court based its dismissal of Alexander's suit on the <u>Parratt/Hudson</u> doctrine, which results in a failure to state a claim upon which relief may be granted, and on abstention grounds, we find that it also implicitly considered record evidence outside of the pleadings in making its ruling.

[18]<u>See</u> <u>Younger v. Harris</u>, 91 S.Ct. 746, 751 (1971).

[19]95 S.Ct. 1200 (1975).

[20]<u>See</u> <u>id.</u> at 1208.

[21]<u>See</u> <u>State v. Manuel</u>, 426 So.2d 140, 143 (La. 1983)(object of forfeiture proceeding is "to penalize for the commission of an offense against the law" and "forfeiture is clearly a penalty for the criminal offense and can result in even greater punishment than the prosecution").

8

have previously observed that the <u>Younger</u> abstention doctrine does not apply to a suit seeking only damages.[22] Even though Alexander seeks both damages and the return of her car in the pending state tort action, her federal §1983 suit seeks only monetary relief for the Defendants' delay in instituting a forfeiture proceeding. Thus, we conclude that the district court abused its discretion by refusing, based on its unwarranted reliance on <u>Younger</u>, to exercise its jurisdiction over Alexander's §1983 suit.

### III

### CONCLUSION

Alexander's allegation that the Defendants were acting in their customary manner of failing timely to institute a forfeiture proceeding negates the "random and unauthorized conduct" element needed for application of the <u>Parratt/Hudson</u> doctrine. We therefore conclude that the <u>Parratt/Hudson</u> doctrine does not provide a proper basis for the district court's dismissal of Alexander's §1983 suit alleging that the Defendants violated her procedural due process rights.

In addition, as Alexander's §1983 suit seeks only monetary damages for the Defendants' delay in instituting a forfeiture proceeding, the district court's adjudication of her federal suit

---

[22]<u>See</u> <u>Lewis v. Beddingfield</u>, 20 F.3d 123, 125 (5th Cir. 1994)(<u>Younger</u> not applicable to §1983 claim for damages); <u>Allen v. Louisiana State Bd. of Dentistry</u>, 835 F.2d 100, 104 (5th Cir. 1988)("requests for monetary damages do not fall within the purview of the <u>Younger</u> abstention doctrine"); <u>Bishop v. State Bar of Texas</u>, 736 F.2d 292, 295 (5th Cir. 1984)(a §1983 claim for damages is a "species of relief wholly unaffected by <u>Younger</u>").

would not impinge on the state's interest of determining its asserted forfeiture rights in the pending quasi-criminal forfeiture proceeding.  Thus, the narrowly-defined <u>Younger</u> abstention doctrine is inapplicable and the district court abused its discretion in abstaining on that ground.  Based on the foregoing, the district court's ruling dismissing Alexander's §1983 suit is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

REVERSED and REMANDED.