**Dr. William D. ALLEN,**
**Plaintiff–Appellant,**
**Cross–Appellee,**

v.

**LOUISIANA STATE BOARD OF DENTISTRY, et al., Defendants–Appellees, Cross–Appellants.**

No. 87–3180.

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1988.

Paul R. Baier, J. Peyton Parker, Jr., Baton Rouge, La., for plaintiff-appellant, cross-appellee.

Patricia J. Hakes, P.J. Stakelum, III, New Orleans, La., for Chustz, et al.

William J. Guste, Jr., Atty. Gen., New Orleans, La., for Louisiana State Bd.

Before SNEED,[*] REAVLEY, and JOHNSON, Circuit Judges.

SNEED, Circuit Judge:

Plaintiff-appellant Dr. William Allen appeals the district court's order that abstained from hearing his § 1983 claims against the Louisiana State Board of Dentistry until related proceedings in state court are completed. We affirm in part and reverse in part.

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

## I.

### FACTS AND PROCEEDINGS BELOW

Appellant Allen filed a 42 U.S.C. § 1983 action against the Louisiana Board of Dentistry ("the Board") in federal district court on February 13, 1986. Suit was filed two months after the Board filed disciplinary charges against Allen alleging various infractions of the Louisiana Dental Practice Act and a week before the hearing on those charges was to commence. In the § 1983 action, Allen alleges many unconstitutional acts by the Board. He claims that the Board's investigator and attorney used unconstitutional methods to obtain information to be used against him in the hearing. Allen also alleges that the license revocation procedure used by the Board was unconstitutional. By an amendment to the complaint, he included claims that the conduct of the proceeding was constitutionally defective in several additional ways and that the Board filed its charges against him in bad faith.

Allen sought a declaratory judgment that the Board's license revocation procedure was unconstitutional as applied to him and that two Louisiana advertising statutes, La.Rev.Stat.Ann. § 37:775(7), (10) (West 1974), are unconstitutional, both on their face and as applied to him. As additional remedies, he also sought a permanent injunction enjoining (1) the enforcement of the Dental Practice Act against him in a way that denies due process, (2) the enforcement of the two advertising statutes against him, (3) the Board from calling and harassing his current and former employees, and (4) the Board from invading his privacy. Monetary damages in the sum of $33,500,000 and attorneys' fees were also sought.

The state disciplinary proceedings were held February 21–24, 1986, with the result that the Board found Allen guilty of twenty-seven violations of the Louisiana Dental Practices Act, suspended his license, and placed him on probation for ten years. Allen's petition for rehearing was denied. Thereafter he filed a petition in state district court for an evidentiary hearing on the role of the Board's prosecutor in drafting the Board's decision in Allen's case, a case in which he was the prosecutor in fact. The state district and appellate courts denied Allen's petition, but the Louisiana Supreme Court granted writs on November 21, 1986, directing the state district court to conduct an evidentiary hearing regarding the prosecutor's "alleged involvement in its decisionmaking." The state district court, in a decision rendered September 29, 1987, reversed the Board's decisions as to six of the charges made against Allen and affirmed the other twenty-one charges. It reduced the fine imposed by the Board and upheld Allen's ten-year suspension and probation.

Meanwhile, in this § 1983 action, the Board, in November 1986, filed a motion requesting dismissal of Allen's action and, in the alternative, requesting that the court stay the federal proceeding until state proceedings were complete. On March 2, 1987, the federal district court entered an order abstaining from hearing Allen's federal claims until state court proceedings were no longer pending. In this appeal Allen attacks this order of abstention.

## II.

### JURISDICTION

This court has jurisdiction from the final decision of a district court under 28 U.S.C. § 1291 (1982). The decision of a district court to stay a suit is final for the purposes of appellate jurisdiction. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8–11, 103 S.Ct. 927, 932–34, 74 L.Ed.2d 765 (1983).

## III.

### DISCUSSION

The propriety of federal court abstention is affected by the nature of the relief sought and its relation to the state court litigation. We shall address, first, Allen's request for declaratory judgment and permanent injunction regarding the Board's revocation proceedings; second, his claim of money damages and his request for an injunction prohibiting "harassment" of his

employees and invasions of his privacy; and, third, his seeking a permanent injunction against the enforcement of certain state statutes pertaining to advertising.

### A. *Allen's Request for a Declaratory Judgment and Permanent Injunction Regarding the Board's License Revocation Proceedings*

■ Federal courts may enjoin pending state administrative proceedings that vindicate important state interests only in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). That principle is applicable both to the injunctive and declaratory relief that Allen seeks. *See Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (declaratory relief). A state's interest in assuring the competency of dentists practicing within the state is unmistakably a significant state interest. *See Thomas v. Texas State Bd. of Medical Examiners*, 807 F.2d 453, 455 (5th Cir.1987) (assuring the competency of doctors is a significant state interest).

Aware of the force of the *Younger* doctrine, Allen argues his plea falls outside its scope. First, Allen argues that he is not seeking to enjoin a pending state administrative proceeding. Review of his second supplemental and amended complaint reveals that this claim is invalid. In fact, he has asked for an injunction against the Board's unconstitutional enforcement against him of the Louisiana Dental Practice Act and for a declaratory judgment that, as applied to him, the Board's license revocation procedures are unconstitutional. The request for an injunction falls squarely within the *Younger* doctrine as extended in *Pursue* and the request for declaratory

relief is similarly governed by *Samuels v. Mackell*. In effect, Allen seeks to enjoin state administrative body and state court proceedings against him.

Second, Allen argues that state proceedings are complete because a final decision has been reached by the Board and thus an action in federal court is permissible. State administrative proceedings were pending at the time this case was filed in the district court. Moreover, when the district court reviewed the second amended and supplemental complaint state judicial proceedings had not been concluded. Allen's finality arguments lack factual support. Furthermore, it is well-established that, as "a necessary concomitant of *Younger* … a party … must exhaust his state appellate remedies before seeking relief in the [federal] District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975). It is apparent that Allen had not yet exhausted all avenues of state appellate review at the time of the district court's decision. The federal courts, therefore, must defer to the state judicial proceedings.[1]

■ The district court's decision to abstain was correct for the reasons given above. *Pennzoil Co. v. Texaco, Inc.*, —— U.S. ——, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), suggests that the district court could have dismissed the action instead of granting a stay until the state proceedings were complete. Had the challenges to the revocation proceeding been the only claims before us, dismissal would have been appropriate. That is not the case, however. Other claims before us challenging various aspects of state action against Allen either are not dismissed or are not suspended. Thus, to avoid fragmenting this litigation, it is appropriate that the revocation proceeding claims not be dismissed but treated as suspended by force of abstention.

---

1. Of course, the state court proceedings must give the plaintiff an opportunity to fully and fairly litigate constitutional claims. The appellant has the burden of proving that the state procedure for appeal does not give him that opportunity. *Pennzoil Co. v. Texaco, Inc.*, —— U.S. ——, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987). *Younger* abstention is also not appropriate when a state commences a proceeding intended to deter constitutionally protected conduct. Although Allen makes the token argument that the state's proceedings were commenced in bad faith, the record does not support this claim.

### B. Allen's Requests for Money Damages and an Injunction Prohibiting the "Harassment" of Allen's Employees and the Violation of His Privacy

Allen requests monetary damages in addition to injunctive and declaratory relief. This court has held that requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine. *Bishop v. State Bar of Texas*, 736 F.2d 292, 295 (5th Cir.1984). Moreover, Allen's requests for injunctions preventing the Board from threatening his employees or invading his privacy are not requests to enjoin state court proceedings and thus they too fall outside the scope of *Younger*.

Abstention with respect to these claims, if available, must rest on other grounds. We hold that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" justifies abstention under the doctrine announced in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

In *Colorado River*, the Supreme Court noted the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* In certain exceptional circumstances, however, the Court observed that a district court may abstain. The Court noted several factors that would weigh in favor of abstention including the desirability of avoiding piecemeal litigation, the inconvenience of the federal forum, and the order in which jurisdiction was obtained by the concurrent forums. Reaffirming, though not applying, *Colorado River* in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court noted two other factors which bear on abstention. These were, first, whether the source of governing law was state or federal and, second, whether the state court proceedings could adequately protect the federal plaintiff's rights. *Id.* at 23–27, 103 S.Ct. at 940–42. As the Court stated in *Colorado River*, "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Id.* 424 U.S. at 818–19, 96 S.Ct. at 1246–47 (citation omitted).

This circuit and others have considered the application of the *Colorado River* abstention doctrine in several similar situations in which the federal plaintiff brought § 1983 claims against a defendant while related proceedings were being conducted in state court. For example, in *Signad, Inc. v. City of Sugar Land*, 753 F.2d 1338 (5th Cir.), *cert. denied*, 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985), we noted that the "'unflagging obligation' of the federal courts to exercise jurisdiction given them 'is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983.'" *Id.* at 1340 (quoting *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir.1979)).

Nonetheless, we cannot say the district court abused its discretion in abstaining from hearing the § 1983 actions in this case. We apply the *Colorado River* test, which should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 939. First, we note that the state administrative proceeding was initiated a week before this suit was first brought. By the time Allen's final amended complaint was before the district court, the state proceeding had progressed substantially further. The record discloses that there has been extensive discovery in state court that would only have been duplicated in federal court had the district court not abstained. In the meantime the federal suit had not moved beyond the filing of amended and supplemental complaints.

Second, review of the proceedings in the state court indicates that the state is protecting Allen's rights adequately. In fact, the Louisiana Supreme Court granted his

writ for an evidentiary hearing on allegations of constitutional irregularities in the state disciplinary hearings thus evidencing its sensitivity to the plaintiff's federal constitutional rights. These same irregularities form the gravamen of Allen's § 1983 action before this court.

Third, Allen's § 1983 complaint is inextricably intertwined with the issues being considered by the state courts in this case. The events that the plaintiff claims give rise to his § 1983 cause of action are the same as are at issue in the state courts. Although legal theories are different, the claims are essentially the same. The primary difference is that in the federal action Allen asks for monetary damages in addition to injunctive and declaratory relief.[2] Allen should not be able to "obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Eitel v. Holland,* 798 F.2d 815, 818 (5th Cir. 1986) (quoting *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir.1986)). That is precisely what Allen seeks to accomplish by this proceeding.

The Supreme Court has noted that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River.*" *Moses H. Cone,* 460 U.S. at 18 n. 20, 103 S.Ct. at 938 n. 20. The sequence of events in this case and the evident hostility of Allen toward the proceedings in the state administrative agencies and courts strongly indicate that this federal litigation is "vexatious and reactive."[3] Thus, we find the exceptional circumstances necessary to defer to ongoing proceedings in state court.

· Although the district court stayed the appellant's § 1983 damages claims, we acknowledge that the Supreme Court expressly reserved the question of whether a stay or a dismissal is appropriate when *Colorado River* abstention is invoked.[4] The Seventh Circuit has granted stays in similar circumstances. *Lumen Constr. Co. v. Brant Constr. Co.,* 780 F.2d 691, 697–98 (7th Cir.1985). As already indicated, we believe a stay will preserve the appellant's ability to pursue his claims, without being time-barred, should state proceedings not provide appropriate relief. Therefore, we affirm the district court's decision to stay these proceedings.

## C. *Allen's Requests for a Permanent Injunction Enjoining the Enforcement of Certain Louisiana Advertising Statutes*

■ Allen also argues that two Louisiana statutes, La.Rev.Stat.Ann. § 37:775(7), (10) (West 1974), that govern advertising by dentists are unconstitutional. These claims are unrelated to the other proceedings in state court and thus are clearly severable. The district court should have retained jurisdiction and proceeded to the merits on those claims.

We note that the Louisiana legislature recently enacted a new definition of unprofessional conduct for dentists. 1987 La. Sess.Law Serv. 125 (West). That enactment does not appear to prohibit the same kind of advertising that Allen has challenged as unconstitutional. Thus, upon examination, the district court may find Allen's claims to be moot.

## IV.

## CONCLUSION

We affirm the district court's decision to abstain from hearing Allen's claims for injunctive and declaratory relief that had the effect of enjoining ongoing state proceedings. Those claims are stayed. We also

---

**2.** *Cf. Telesco v. Telesco Fuel & Masons' Materials, Inc.,* 765 F.2d 356, 362 (2nd Cir.1985) ("Merely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit.").

**3.** *Cf. Telesco,* 765 F.2d at 363 (noting that the vexatious quality of the federal or state litiga-

tion may lead to application of *Colorado River* abstention).

**4.** *Moses H. Cone,* 460 U.S. at 28, 103 S.Ct. at 943; *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 570 n. 21, 103 S.Ct. 3201, 3215 n. 21, 77 L.Ed.2d 837 (1983).

affirm the district court's decision to abstain from hearing Allen's claims for monetary damages and injunctive relief which did not effectively enjoin the state court proceedings. Finally, we reverse the district court's decision to abstain from hearing Allen's constitutional challenges to the Louisiana advertising statutes.

Each party to this litigation shall bear his own share of the costs.

AFFIRMED IN PART AND REVERSED IN PART.