William D. ALLEN, D.D.S.,
Plaintiff–Appellant,

v.

LOUISIANA STATE BOARD
OF DENTISTRY, et al.,
Defendants–Appellees.

No. 90–3810.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1991.

Paul R. Baier, Baton Rouge, La., for plaintiff-appellant.

S. Mark Klyza and Cornelius R. Heusel, Kullman, Inman, Bee, Downing & Banta, New Orleans, La., for defendants-appellees.

Before REYNALDO G. GARZA, WIENER and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This case involves an appeal from the denial of a motion to lift a stay pending the outcome of state proceedings. For the reasons stated below, we AFFIRM the district court's decision.

## THE FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are reminiscent of a law school exam for a course in Federal Courts. Most of the facts and procedural aspects are recited in a 1988 opinion of this court (*Allen I*) and a 1989 opinion of the Louisiana Supreme Court (*Allen II*). *See Allen v. Louisiana State Board of Dentistry*, 835 F.2d 100, 102 (5th Cir.1988); *Allen v. Louisiana State Board of Dentistry*, 543 So.2d 908, 909–11 (La.1989). We briefly discuss those facts necessary to a complete understanding of our decision today.

In 1985, appellee Louisiana State Board of Dentistry brought formal charges against appellant Dr. Allen alleging various violations of the Louisiana Dental Practices Act, LA.REV.STAT.ANN. SEC. 37:751 *et seq.* On February 13, 1986, appellant filed a 42 U.S.C. Sec. 1983 action against appellee in the United States District Court for the Eastern District of Louisiana. The state charges were heard on February 21–24, 1986 and appellant challenged their outcome based on the conflicting roles of the prosecutor as both the prosecutor in fact and the author of the State Board of Dentistry's decision. Because state proceedings were still pending as of March, 1987, the federal district court abstained following a motion to dismiss filed by appellee.

We affirmed the abstention finding appellant had failed to exhaust his state appellate remedies. *See Allen I,* 835 F.2d at 103 (*citing Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975)). Moreover, as to appellant's claims for money damages in the Sec. 1983 action, we affirmed the district court's abstention based on the Supreme Court decision in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). *Allen I,* 835 F.2d at 104–05.

Appellant, following our decision in *Allen I,* pursued the available appellate remedies under Louisiana state law and achieved a ruling by that state's highest court that his due process rights had been violated by the dual role of the prosecutor in the original hearing. The Louisiana Supreme Court remanded for further proceedings before the Board of Dentistry and all parties agree these proceedings remain pending. Following the decision of the Louisiana Supreme Court, appellant filed a motion in the district court requesting the stay be lifted and that he be granted partial summary judgment and damages as to his due process claims, and that he be awarded interim attorney's fees under 42 U.S.C. sec. 1988. The district court refused to lift the stay and this refusal is the basis for appellant's current appeal.

## THE LAW

In his reply brief, appellant concedes the only issue on appeal is whether the district court abused its discretion in denying his motion as it related to his claim for interim attorney's fees. As we understand appellant's position, 42 U.S.C. sec. 1988 requires this court to lift a stay, imposed on federal abstention grounds, for the sole purpose of awarding interim attorney's fees when a plaintiff has succeeded on one of over twenty claims in state court and all additional claims await resolution in state court.

*Interim Attorney's Fees*

42 U.S.C. sec. 1988 provides in relevant part:

> In any action or proceeding to enforce a provision of ... [42 U.S.C. sec.] 1983 ... the court, *in its discretion, may* allow the prevailing party ... a reasonable attorney's fee as part of its costs.

(*emphasis added*)

■ The United States Supreme Court has indicated that, in federal litigation, where a party has succeeded on an important issue, even though that party may fail on the remaining issues, an interim award of attorney's fees may be awarded by a court under sec. 1988. *Texas Teachers Ass'n v. Garland School Dist.,* 489 U.S. 782, 790, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). This discretion is afforded the district courts to further the goal of ensuring "effective access to the judicial process" for those aggrieved of their civil rights. *See Cobb v. Miller,* 818 F.2d 1227, 1233 (5th Cir.1987) (discussing legislative history of sec. 1988). Thus in an appropriate case, interim attorney's fees may be awarded.[1] *See e.g., James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 358–59 (5th Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978) (interim award of fees appropriate in protracted, eleven-year Title VII litigation where liability issues settled); *Carpenter v. Stephen F. Austin State Univ.,* 706 F.2d 608, 633 (5th Cir.1983) (analogizing sec. 1988 to Title VII and holding district court required to award interim fees or explain denial of same where Title VII plaintiffs afforded relief on remand).

Unlike the cases dealing with a district court's discretion to award interim attorney's fees in federal litigation, appellant's situation presents a somewhat different scenario. The district court below did not refuse to award interim attorney's fees, but rather refused to lift a stay, imposed several years earlier and upheld by this court in *Allen I,* pending the outcome of

---

1. We express no views as to the appropriateness of an award of interim attorney's fees to appellant. Moreover, we express no views in this opinion on the extensively briefed issue of whether or not appellant is a "prevailing party" for the purposes of interim attorney's fees under sec. 1988.

state court litigation. Thus we turn to the question of whether the district court abused its discretion by refusing to lift the stay, proceeding within the framework of the interim attorney's fee context.[2]

*Continued Abstention*

In *Allen I,* we upheld the district court's abstention and imposition of stay based on the principles enunciated in the Supreme Court's *Colorado River* decision.[3] *Allen I,* 835 F.2d at 104–05. We observed that "wise judicial administration, giving rise to conservation of judicial resources and comprehensive litigation" justified abstention. *Id.* at 104 (*quoting Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952), *quoted in Colorado River,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483). In particular, we recognized the factors identified in *Colorado River* and its progeny which weighed in favor of abstention. These included "the desirability of avoiding piecemeal litigation, the inconvenience of the federal forum, and the order in which jurisdiction was obtained by the concurrent forums" in addition to considerations of the state or federal source of the governing law and the extent to which "the state court proceedings could adequately protect the federal plaintiff's rights." *Id.*

Applying the *Colorado River* abstention factors in a "pragmatic, flexible manner with a view to the realities of the case at hand," we found the abstention appropriate. *Allen I,* 835 F.2d at 104. We noted the extensive discovery which had taken place at the state level and the adequacy of the state procedures in protecting appellant's rights. *Id.* Moreover, we recognized the inextricable intertwining of the issues presented in appellant's sec. 1983 claims and his issues presented at the state level. *Id.* at 105. Finally, we found appellant's federal claims "vexatious and reactive" and concluded the exceptional circumstances required to stay federal litigation pending the outcome of state proceedings were present. *Id.*

■ Appellant presents no basis whatsoever for this court to conclude the circumstances warranting abstention in *Allen I* have changed other than the fact that he has prevailed on a procedural due process claim in the state courts, one of twenty-four claims presented in his sec. 1983 lawsuit in federal court. We do not diminish the significance of this victory for appellant. *See Estate of Farrar v. Cain,* 941 F.2d 1311, 1315 (5th Cir.1991) (constitutional violation never *de minimus*) (*quoting Lewis v. Woods,* 848 F.2d 649, 651 (5th Cir.1988)). Yet we reject appellant's contention that this victory is sufficient for us to conclude that the district court abused its discretion in refusing to lift the stay. That is to say, we reject the contention that a district court abuses its discretion *per se* when it refuses to lift a stay and the basis for the requested lifting is the partial granting of a summary judgment in order to secure an interim award of attorney's fees. Because of the overwhelming presence of the identical factors which counselled initially for the imposition of a stay, the lifting of the stay at this point would be tantamount to vacating our decision in *Allen I.* Moreover, lifting the stay for the sole purpose of determining the issue of attorney's fees would directly contribute to the very piecemeal litigation abstention was in part designed to prevent. *See Allen I,* 835 F.2d at 104.

**2.** While to some this may seem to be two sides of the same coin, it is clear to us that a district court, in the exercise of its discretion, might refuse to lift a stay without ever reaching the merits of an application for interim attorney's fees, particularly in a situation where such an application is only one of numerous issues placed before a court in a motion to lift a stay. Indeed, this is precisely what we today conclude the district court properly did. We do not foreclose the possibility of a fact situation wherein a district court might properly be held to have abused its discretion in refusing to lift a stay precisely due to the propriety of an application for interim attorney's fees. As will be demonstrated *infra,* however, such a fact situation is not presented by this case.

**3.** In *Allen I,* appellant additionally sought to enjoin the state administrative proceedings pending against him. We refused to grant appellant his desired relief and upheld the district court's decision to abstain based upon the principles enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Allen I,* 835 F.2d at 103.

We emphasize that our ruling today is limited to the facts of appellant's particular case. He has numerous issues awaiting state proceedings and these are the basis of the numerous unsettled claims in his sec. 1983 complaint. His sole evidence of financial need is a bald assertion of such in an affidavit. He did not contest assertions that he has continued to practice dentistry in Louisiana throughout the pendency of the state and federal proceedings. The claim upon which appellant acquired relief in state court was one which was not part of his original federal complaint but arose only after the initial state administrative proceedings were completed. Moreover, we are not persuaded the Louisiana Supreme Court even based its decision on federal constitutional grounds, a fact which would preclude the granting of summary judgment and award of attorney's fees in the first instance.[4] We do not rely on any particular one of these facts in our decision today but rather relate them for purposes of describing the context within which the district court acted.

While numerous factors are considered in the decision to continue to abstain from hearing a case, we are unpersuaded the particular facts of this case require us to conclude the district court abused its discretion when it refused to lift the stay. We reiterate that our ruling is not meant to indicate that a district court never abuses its discretion when it refuses to lift a stay based upon a request for interim attorney's fees; we see no reason for a refusal to lift a stay simply because the person seeking to have it lifted is doing so to seek an interim award of attorney's fees. This fact, however, does not diminish the need for a district court to completely and thoroughly review the relevant factors under the principles enunciated in *Colorado River* and its progeny, or any other basis for an initial stay, in light of the totality of the circumstances. As we have stated, that review here has not changed in any meaningful way from our decision in *Allen I.* For these reasons, the judgment of the district court is

AFFIRMED.

---

4. Our reading of the decision of the Louisiana Supreme Court in *Allen II* indicates that court based its findings on the literal wording of the Louisiana Administrative Procedures Act and *notions* of due process. The Court stated:

> In short, we find the commingling of prosecutorial and adjudicative functions violates both the letter of the Louisiana Administrative Procedures Act and the due process goals it was designed to further.

*Allen II*, 543 So.2d at 915.

What we find disturbing about this passage is that it creates a great deal of uncertainty as to whether or not the Louisiana Supreme Court based its decision on state or federal due process grounds, and, moreover, whether it based its decision primarily on state statutory grounds as opposed to any due process grounds at all. Is the Act designed to further the state due process goals only? If so, it would necessarily include the breadth of the protections of the federal constitution, but did the Louisiana Supreme Court base its findings of the due process violation on protections afforded by the state constitution that are greater than those provided by the federal constitution?

While the decision in *Allen II* clearly relies on the holding in *Bruteyn v. State Dental Council & Examining Bd.*, 32 Pa.Cmwlth. 541, 380 A.2d 497, 502 (1977), the dissent of Justice Calogero clearly treats that case as based on Pennsylvania law. *See Allen II*, 543 So.2d at 918 ("If indeed we are to rely on Pennsylvania law as persuasive authority for resolving this issue, it would appear [other Pennsylvania cases are] more factually similar than *Bruteyn*."). Moreover, the concurring opinion of Justice Dennis indicates that as to the alleged illegal search claims of appellant, the Louisiana Supreme Court relied on state constitutional grounds. *See Allen II*, 543 So.2d at 917 (majority incorrectly concludes Louisiana constitution not broader than U.S. constitution). Finally, appellant clearly alleged violations of both the state and federal due process clauses in the state proceedings.

We do not intend to make any expression regarding the extent to which this matter is to be resolved one way or another. We merely point out that the issue is not clear and could lead a district court to request some clarification on the matter. *See e.g., California v. Krivda*, 409 U.S. 33, 35, 93 S.Ct. 32, 32–33, 34 L.Ed.2d 45 (1972) (remand necessary to determine basis of California Supreme Court ruling for purposes of federal jurisdiction). This aspect of the state court decision merely contributes to a factual situation which we find does not compel us to conclude the district court abused its discretion in refusing to lift the stay.