**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ETTA BERNADETTE LAHAI,
Petitioner,

v.

No. 96-2296

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A71-798-670)

Submitted: March 4, 1997

Decided: April 16, 1997

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Fishbein, JOHN O'LEARY & ASSOCIATES, Washington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney General, Donald E. Keener, Deputy Director, Kristin A. Cabral, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Etta Bernadette Lahai petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

Eligibility for asylum can also be based on grounds of past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 948 F.2d 962, 969 (5th Cir. 1991)).

2

We must uphold the Board's determination that Lahai is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). We accord the Board all possible deference. Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Lahai] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Lahai, who overstayed a tourist visa in the United States in September 1991, disagrees with the Board's finding that she failed to adequately support her claim that the harm she fears is reasonably related to any of the statutory grounds for asylum. Our review reveals, however, that substantial evidence supports the Board's finding that Lahai fears general conditions of violence and unrest in her country, which do not qualify her for asylum. See Matter of Mogharrabi, 19 I&N Dec. 439, 447 (BIA 1987).

Evidence established that Lahai, a native and citizen of Sierra Leone, is a wealthy, prominent member of the Mende tribe whose brother was once the paramount chief of the Yawei chieftain and a member of the All People's Congress (APC) government. In April 1991, Liberian rebels attacked Lahai's village and killed her husband when he refused to allow them into the house. Lahai was not in town at the time and did not witness the attack. A year later, Lahai's son, a lieutenant in the APC military, was killed during the coup in which the APC was overthrown and another party took control of the government. Lahai returned to Sierra Leone for a forty-five day trip, without incident, to attend his funeral.

Lahai maintains that she is in danger in her home country due to her membership in the Mende tribe and because of imputed political opinion, her son and other family members' support of the deposed APC. However, while the losses Lahai has suffered are surely tragic, substantial evidence in the record supports the Board's finding that Lahai's belief that her husband and son were both targeted for murder is speculative.

The evidence suggests that Lahai's husband and son were murdered along with countless others in the midst of general violence.

3

There is no evidence in the record that Mende tribe members suffer persecution, and Lahai admitted that she knows almost nothing about the circumstances of her son's death. Moreover, as the Board observed, Lahai's fear of return does not appear to be countrywide, as she has never experienced problems in Freetown and remained there for over a month unmolested after the coup in 1992. See Matter of Acosta, 19 I&N Dec. 211, 235 (BIA 1985). Consequently, the Board's denial of Lahai's request for asylum is supported by substantial evidence.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Lahai has not established entitlement to asylum, she cannot meet the higher standard for withholding of deportation.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4