**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MABEL WRIGHT,
Petitioner,

v.

No. 96-2762

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A-71-795-125)

Submitted: June 24, 1997

Decided: July 21, 1997

Before WILLIAMS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Petitioner. Frank W. Hunger, Assistant Attorney General,
Charles E. Pazar, Senior Litigation Counsel, Margaret Perry, Office
of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mabel Wright petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation, but granting her voluntary departure. Because substantial evidence supports the Board's decision, we deny the petition.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

Eligibility for asylum can also be based on grounds of past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 948 F.2d 962, 969 (5th Cir. 1991)).

2

We must uphold the Board's determination that Wright is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). We accord the Board all possible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Wright] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Wright, who overstayed a tourist visa in September 1991, disagrees with the Board's finding that she does not qualify for asylum based upon her identity as a minority Creole and due to her political opinion and that imputed to her through the activities of her grandmother and brother. Our review reveals, however, that substantial evidence supports the Board's finding that Wright did not satisfy her statutory burden.

Evidence established that Wright, a native and citizen of Sierra Leone, is a member of the Creole tribe, an ethnic minority subjected to economic and educational discrimination. From the 1970's to 1985, Wright's grandmother headed the women's branch of the controlling party, the All People's Congress (APC), and was a prominent supporter of Creole candidates and Creole rights. As a college student, Wright attended weekly APC-sponsored student meetings.

In the late 1980's, Wright and her brother began working actively for reform of the APC party. Both campaigned publicly for APC reform candidate Ativa Betts, a Creole running for the position of cabinet minister. Betts was defeated in May 1987, and eventually left the country. In July 1987, Wright's brother disappeared. In January 1989, Wright participated in anti-government student demonstrations at her college in Freetown to protest the APC's one party policy, conditions on campus, and the economic state of the nation. Wright was arrested during one of the demonstrations and was held in detention without communication with her family for a day and a half. More than eight months later, Wright obtained a visa and came to the United States.

Wright maintains that she has a well-founded fear of persecution in Sierra Leone because of her Creole ethnicity and due to her politi-

3

cal opinion, both the political opinion attributed to her because of her relationship to her grandmother and brother and the political opinion manifested in her own political activities. She also contends that her arrest and detention constitute past persecution within the meaning of the Act.

We find, however, that substantial evidence supports the finding of the IJ, adopted by the Board, that Wright did not meet her statutory burden. First, Wright's claim that she has a well-founded fear of persecution in Sierra Leone based upon her status as a minority Creole is without merit because there is no evidence in the record that Creoles suffer persecution in Sierra Leone. The State Department materials in the record specifically state that there is very little ethnically-related violence in Sierra Leone, and does not mention violence against Creoles. Although Wright provided evidence concerning economic discrimination against Creoles in her country, this type of discrimination, however unfortunate, does not amount to persecution within the meaning of the Immigration and Nationality Act. See Nyonzele v. INS, 83 F.3d 975, 983 (8th Cir. 1996); Prasad v. INS, 47 F.3d 336, 340 (9th Cir. 1995).

Second, substantial evidence supports the IJ's conclusion that Wright does not have a well-founded fear of persecution due to her political opinion. While there is no question that Wright's grandmother, who is deceased, occupied an important position in the now deposed APC, there is no evidence that Wright is currently in danger because of that relationship. The State Department report states that the government is tolerant of former APC members and other political rivals. Only a few high-level APC cabinet members have been singled out and placed under house arrest for investigation of official corruption. While Wright claims that the NRPC's amnesty policy is a ruse to flush out political enemies, she presents no concrete facts or evidence to support this claim. In addition, Wright's arrest and brief detention more than eight months prior to her departure occurred in the context of her participation in student demonstrations against the APC government. Considering her public efforts to reform the APC, it is doubtful Wright would be singled out by the NRPC and identified as a hard line APC supporter like her grandmother.

Nor does the disappearance of Wright's brother compel a finding that Wright has a well-founded fear of persecution. There is no evi-

dence in the record as to the fate of the brother or the actual reasons for his disappearance. Moreover, even if her brother had been murdered by the APC government because of his advocacy for party reform and Creole rights, the APC is no longer in power. And significantly, Wright remained in her country for over two years after her brother's disappearance. No evidence suggests that her arrest in the context of student demonstrations was in any way connected to her brother's still unknown fate.

Finally, Wright's arrest during an anti-government student demonstration and subsequent detention by police for a day and a half does not qualify as persecution. Wright suffered no physical abuse during this isolated incident, which evidently occurred in the context of a civil disturbance and did not appear to have any connection to the activities of Wright's brother or grandmother years earlier.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Wright has not established entitlement to asylum, she cannot meet the higher standard for withholding of deportation.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5