United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30437
_____

PHILIP LAWRENCE,

Plaintiff-Appellant,

versus

CHARLES DAVIS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(2:03-CV-3118-E)
--------------------

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Philip Lawrence, a Major in the United States Marine Corps Reserve ("Reserve"), appeals the district court's dismissal of his defamation action against Defendant-Appellee Charles Davis, a Lieutenant Colonel in the Reserve. Lawrence's claim for money damages implicates testimony that Davis provided to a military Board of Inquiry ("BOI"). The action was filed in state court in Louisiana, then removed to federal court under 28 U.S.C. §§ 1442 and 1442a. Recent submissions show that,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

although the BOI's recommendation has been acted on since this appeal was filed and briefed, at least two potential additional steps remain before the military administrative remedies in this matter are completely exhausted and the decision of the ultimate military authority is final, executory, and subject to no further appeals.

## I.

In light of the action that was pending in the military forum at the time, the district court dismissed Lawrence's action without prejudice under the abstention doctrine of Younger v. Harris, 401 U.S. 37, 43-44 (1971). See Schlesinger v. Councilman, 420 U.S. 738, 754, 761 (1975) (Younger precluded injunction against military proceeding). Younger does not apply to actions such as Lawrence's, however, in which only monetary damages are sought. Alexander v. Ieyoub, 62 F.3d 709, 713 (5th Cir. 1995). Moreover, even if Younger had been applicable, a stay rather than a dismissal would have been proper because the military forum cannot award Lawrence the money damages that he seeks in the action now pending in federal court. See Deakins v. Monaghan, 484 U.S. 193, 202 (1988); Ballard v. Wilson, 856 F.2d 1568, 1571-72 (5th Cir. 1988). Dismissal was thus improper.

## II.

As Davis argues on appeal, the district court could have abstained pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). In Colorado River, the

2

Supreme Court recognized that a federal court's decision to decline to exercise its jurisdiction can "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. (citation omitted); see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 14, 15 (1983); Allen v. Louisiana State Bd. of Dentistry, 835 F.2d 100, 105 (5th Cir. 1988). We therefore vacate the district court's judgment of dismissal and remand the case to that court with instructions to stay the proceedings until the ultimate decision of the Secretary of the Navy ("the Secretary"), based on recommendations of the BOI, is final, executory, and no longer appealable.

Factors supporting our decision to order a stay include: (1) The BOI's deliberations began and proceeded before the instant action was filed, albeit additional administrative steps potentially remain to be taken there, see Colorado River, 424 U.S. at 817; (2) the Secretary's final, executory decision might obviate federal court action, or the results in federal court might be inconsistent with those in the military proceedings, see id.; Schlesinger, 420 U.S. at 756-57; (3) the timing of the filing of the defamation action — a mere five days after Davis testified — and Lawrence's evident hostility toward Davis support an inference that Lawrence filed the defamation action against Davis with a vexatious purpose, see Allen, 835 F.2d at 105; (4) traditional exhaustion principles favor exhaustion of military remedies prior

3

to proceeding with court action, <u>see</u> <u>Schlesinger</u>, 420 U.S. at 756-57; <u>Von Hoffburg v. Alexander</u>, 615 F.2d 633, 641 (5th Cir. 1980); (5) under Louisiana law, a defamation claim based on occurrences during litigation, such as witness testimony, "does not arise until the termination of the particular action," <u>Young v. City of New Orleans</u>, 751 F.2d 794, 801 (5th Cir. 1985); and (6) a stay is permissible under <u>Colorado River</u>.  <u>See</u> <u>Allen</u>, 835 F.2d at 103, 105.

III.

For the foregoing reasons, the district court's judgment of dismissal is  VACATED and this case is REMANDED with directions to STAY the proceedings in that court pending final resolution of all military proceedings.