United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30189
Summary Calendar

_____

HORACE P. ROWLEY, III; WENDY K. ROWLEY,

Plaintiffs-Appellants,

versus

MERCEDES ARZU WILSON; H. HUGH WILSON; RODNEY JACK
STRAIN, JR., Sheriff & Ex-Officio Tax Collector of St. Tammany Parish;
CATHERINE C. SPADARO; JAMES J. SPADARO,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:03-CV-3307)

_____

Before REAVLEY, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances

1

We reverse the district court's dismissal of the appellants' lawsuit for the following reasons:

1. The district court correctly held that it was proper for it to abstain from hearing appellants' claims for injunctive and declaratory relief under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971). The state proceedings were ongoing, the proceedings implicate important state interests relating to state taxes and liens, and there was an adequate opportunity in the state proceedings for appellants to raise their constitutional challenges. *See Allen v. La. State. Bd. of Dentistry*, 835 F.2d 100, 103 (5th Cir. 1988).

2. The district court also correctly held that *Younger* abstention does not apply to claims for monetary damages. *Id.* at 104. However, the district court erred in applying the abstention doctrine provided in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976) to appellants' claims for monetary damages. For the *Colorado River* abstention doctrine to apply, the state and federal lawsuit must be parallel. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d

---

set forth in 5TH CIR. R. 47.5.4.

2

531, 540 (5th Cir. 2002). This means the suits must have the same parties and the same issues. *Id.* That is not the case here. While some of the parties and issues are the same, some are not. The federal lawsuit has additional defendants, specifically Sheriff Strain and the Spadaros, with additional claims against these defendants.

3.      Appellees argue that the *Rooker-Feldman* doctrine applies here. However, the *Rooker-Feldman* doctrine now applies only in the "limited circumstances" where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S. Ct. 1517, 1526, 161 L.Ed.2d 454 (2005). *Exxon Mobil* tells us when a state court judgment is sufficiently final for operation of the *Rooker-Feldman* doctrine: when "the state proceedings [have] ended." *Id.* At the time appellants filed this federal lawsuit, their state proceedings had not ended. The state case was on appeal to the Louisiana appellate court. Accordingly, the *Rooker-Feldman* doctrine is inapplicable.

REVERSED AND REMANDED.