# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20605

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

JONI FAITH SALOOM,

Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF FAMILY AND CHILD PROTECTIVE
SERVICES; PEARLAND POLICE DEPARTMENT; CITY OF PEARLAND,
TEXAS; JOHN SPECIA, JR.; CHERYL LYNN HARVICK, CPS Program
Supervisor; LESLY DAMIAN-MURRAY, CPS Caseworker; KAREN
COBLENTZ, CPS Program Director,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1002

Before DAVIS, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff Joni Faith Saloom appeals the district court's dismissal of her claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the following reasons, we REVERSE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20605

## FACTS AND PROCEEDINGS

On May 3, 2012, Joni Faith Saloom refused to transfer her son, J.J.W., to his father for court-ordered visitation. According to her account of the facts, her five-year-old son had "revealed allegations of a very deviant and sexual nature" that had occurred during the child's prior visit to his father. Efforts to report this incident to law enforcement, she contends, resulted in rudeness, dismissiveness, and ultimately, a conspiracy between numerous child protective services employees, police officers, and the child's father to rob her of custody of J.J.W.

After the child's father filed a petition to modify custody, the Texas Department of Family and Protective Services ("TDFPS") temporarily separated Saloom from her child without a court order and subjected J.J.W. to an allegedly unnecessary sexual assault examination. The 310th Judicial District Court in Harris County, Texas held several custody hearings and entered an order on March 19, 2013, granting custody to J.J.W.'s father.

Saloom subsequently filed this suit in federal court against various defendants, including TDFPS and the Pearland Police Department. Saloom sought relief that consisted primarily of the return of her child, the restoration of her custodial rights, and a permanent injunction to keep her child's father away from her and her child.

The original defendants filed motions to dismiss for lack of subject matter jurisdiction. Saloom responded by filing the First Amended (Original) Complaint, the live pleading, which substantially enlarged her original complaint.[1] The amended complaint dropped all original defendants except TDFPS and Pearland Police Department, but added the City of Pearland,

---

[1] Saloom's complaint blossomed from five pages to nearly a hundred.

2

No. 13-20605

TDFPS commissioner John J. Specia, Jr., child protective services employees Cheryl Lynn Harvick, Lesly Damian-Murray, and Karen Coblentz, and police officers Paul Elton and William Lilly (collectively, the "defendants"). The amended complaint alleged due process and civil rights violations surrounding the removal of her child. The amended complaint substantially changed Saloom's requested relief, dropping the request for the return of J.J.W. and instead requesting significant monetary damages, an injunction preventing defendants from committing "further violations," an order requiring defendants "to immediately implement policies, procedures, and hiring and training processes" to promote the best interests of children and to prevent future violations, and an order requiring the removal of Saloom's name from databases that indicate that she is abusive or unstable.

The defendants moved for the dismissal of the amended complaint due to lack of subject matter jurisdiction based on the *Rooker*[2]-*Feldman*[3] doctrine, the *Younger*[4] abstention doctrine, and the domestic relations exception to jurisdiction. The district court granted the defendants' motions to dismiss for lack of subject matter jurisdiction. The court reasoned that the lawsuit was an attempt to collaterally attack the propriety of the state court's decision in violation of the *Rooker-Feldman* doctrine, that *Younger* abstention principles compelled the federal court not to rule on any state court's custody proceedings that were not yet final, and that the domestic relations exception barred consideration of the claims because they are so entangled with Saloom's domestic relations dispute. Saloom appeals.

---

[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

[3] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

3

No. 13-20605

## STANDARD OF REVIEW

"This Court evaluates *de novo* the district court's grant of [a Rule 12(b)(1)] motion for dismissal applying the same standard used by the district court." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A district court's decision to abstain is reviewed for abuse of discretion, but "we review de novo whether the requirements of a particular abstention doctrine are satisfied." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (internal quotation marks omitted).

## DISCUSSION

"Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). But the *Rooker-Feldman* doctrine is "narrow" and only applies when the plaintiff seeks the "review and rejection" of a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, *Rooker-Feldman* does not bar a federal lawsuit simply because it challenges the state court's legal conclusions or alleges that the parties misled the state court. *Truong v. Bank of America, N.A.*, 717 F.3d 377, 383-84 (5th Cir. 2013). A federal lawsuit is not barred if the alleged injuries were caused by the defendants' actions rather than by the state court judgment, even if the defendants' actions led to the state court judgment. *Id.* at 382-84. Here, Saloom does not seek the review or rejection of the state court's custody order in the amended complaint.[5] Instead, she challenges the actions taken by the defendants before the state court entered any orders, such as the defendants' initial non-judicial seizure of her son and the allegedly

---

[5] The original complaint asked the federal court to invalidate the state custody order, but that request for relief is irrelevant because the amended complaint is the live pleading.

4

unnecessary sexual assault exam performed on him. Saloom also alleges that the defendants offered perjured and incorrect testimony in state court, but, again, claims that private parties misled the state court are not barred by the *Rooker-Feldman* doctrine. Moreover, while the amended complaint is not a model of clarity, Saloom seeks damages for injuries caused by the defendants' actions rather than by the state court judgment, which is demonstrated by her emphasis on the defendants' actions rather than the state court judgment. The lawsuit is not barred simply because the defendants' actions allegedly led to the state court judgment. *See id.* Therefore, the district court should not have found that Saloom's suit was barred by the *Rooker-Feldman* doctrine.

*Younger* abstention prevents federal courts from enjoining certain pending state civil proceedings.[6] *Earle*, 388 F.3d at 518-20. *Younger* abstention is also appropriate if the plaintiff's requested relief "would interfere with an ongoing state proceeding." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 717 (5th Cir. 2012). Here, Saloom's federal lawsuit does not seek to enjoin or interfere with any pending state civil proceedings. Instead, she primarily requests monetary damages, and "requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine." *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988). Saloom's requests for equitable relief are quite limited.[7] Ordering the defendants to follow the law and to remove Saloom's name from databases could not conceivably interfere with the

---

[6] The district court only applied *Younger* abstention "to the extent that any custody issues remain pending in the state court." The Court notes that Saloom denies and the defendants do not affirmatively assert that any state court proceedings are pending.

[7] Again, Saloom asks for an injunction preventing the defendants from engaging in unlawful conduct in the future; an order requiring the defendants to implement better policies and training; and an order requiring that the defendants remove her name from any databases that imply that she is abusive or unstable.

state court's custody proceedings.    Therefore, the district court erred in abstaining under *Younger*.

The district court ruled in the alternative that it could not assert jurisdiction due to the domestic relations exception.    This exception only applies to prevent federal courts from issuing or modifying "a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 701-02, 706-07 (1992).    Here, Saloom does not request the issuance or modification of a child custody decree.    Therefore, the district court erred in dismissing the case based on the domestic relations exception.

On appeal, the Defendant City of Pearland argues in the alternative that the district court's judgment should be affirmed due to the amended complaint's failure to state a claim upon which relief can be granted.    This Court declines to rule on this issue until the district court considers it.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED.    The case is REMANDED to the district court for proceedings consistent with this opinion.    We express no opinion on whether Saloom's complaint may be dismissed on other grounds.