977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Tyrone HALL, Plaintiff-Appellant,
v.
ARIZONA STATE DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 92-15641.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Tyrone Hall, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against various prison officials. In his complaint, Hall alleged that because of the prison officials' negligent or intentional conduct, he never received a cassette tape mailed to him. The district court found that Hall failed to state a claim because he had an adequate state post-deprivation remedy. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989).
 
 
 4
 Negligent or intentional deprivation of a prisoner's personal property does not constitute a due process violation if the prisoner has an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 544 (1981). Here, Arizona law provides Hall with an adequate state post-deprivation remedy. See Ariz.Rev.Stat. § 12-821 et seq. Accordingly, the district court properly found that Hall did not state a claim under section 1983 regarding the loss of his property. See Hudson, 468 U.S. at 533; Parratt, 451 U.S. at 544.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3