996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdullah Seifuddin SHABAZZ, also known as Douglas Maurice
Rogers, Plaintiff-Appellant,
v.
Maurice L. VAN BENSCHOTEN; Robert Brown, Jr.; Sherry L.
Burt, Defendants-Appellees.
 No. 92-2380.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: KEITH and JONES, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Abdullah Seifuddin Shabazz is a pro se Michigan prisoner who appeals a district court judgment dismissing his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Shabazz is serving a 50 to 75 year sentence for armed robbery and a concurrent life sentence for murder. He alleged that the defendants violated his constitutional rights to due process and equal protection by denying him jail credit, a reduction of sentence and good-time credits. On March 11, 1992, the district court dismissed Shabazz's claim against defendant Van Benschoten as frivolous under 28 U.S.C. § 1915(d). On October 26, 1992, the court adopted a magistrate judge's recommendation and dismissed the remainder of the complaint under Fed.R.Civ.P. 12(b)(6). It is from this judgment that Shabazz now appeals.
 
 
 3
 Shabazz's claims for equitable relief were properly dismissed because they pertain to the fact or duration of his confinement. This type of relief may only be obtained by filing a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). The comity considerations which underlie the holding in Preiser are applicable here, even though Shabazz is serving a concurrent sentence of life imprisonment.
 
 
 4
 Defendant Van Benschoten is a state trial judge who sentenced Shabazz following his armed robbery conviction in 1968. Shabazz alleged that Van Benschoten violated double jeopardy by failing to give him an appropriate amount of jail credit. The district court did not abuse its discretion by dismissing this claim under § 1915(d), because Van Benschoten was protected by judicial immunity. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 5
 Defendant Brown was the Director of the Michigan Department of Corrections. Shabazz alleged that his rights to due process and equal protection were violated when Brown refused to grant him a sentence reduction under Michigan's Emergency Powers Act ("EPA"). The EPA required Brown to reduce "the minimum sentence of all prisoners who have established minimum prison terms" by 90 days whenever the governor declared a state of emergency due to prison overcrowding. Mich.Comp.Laws Ann. §§ 800.73-.74 (repealed Jan. 1, 1988).
 
 
 6
 Brown was entitled to qualifed immunity on these claims. The question of whether an official is protected by qualified immunity turns on the objective legal reasonableness of his actions, assessed in light of the legal rules that were clearly established when they were taken. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Brown did not apply the EPA to Shabazz because was he was serving a concurrent sentence of life imprisonment. This decision was objectively reasonable, as Shabazz does not have an established minimum prison term when his sentences are considered in the aggregate.
 
 
 7
 In addition, we note that prisoners who are serving a life sentence do not comprise a protected class. Thus, Brown's conduct will not offend the Equal Protection Clause if it is rationally related to a legitimate governmental interest. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 334 (6th Cir.1990). The distinction drawn by Brown satisfies this test. Reducing Shabazz's sentence for armed robbery would not help to alleviate prison overcrowding as he would still be required to serve a life sentence for murder.
 
 
 8
 Defendant Burt is the warden of the institution where Shabazz is incarcerated. Shabazz alleged that she violated his right to due process by denying him good-time credits without notice or a hearing. State prisoners do not have an inherent constitutional right to good-time credits. However, a Michigan statute provides that prisoners, like Shabazz, who were incarcerated for crimes committed before April 1, 1987, "shall receive" specified reductions from their sentences during months in which they are not found guilty of a major rule infraction or statutory violation. Mich.Comp.Laws.Ann. § 800.33(2). This statute creates a protected liberty interest because it uses mandatory language in connection with specific substantive predicates to require a particular substantive result when those predicates are met. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-63 (1989).
 
 
 9
 The district court's dismissal of this claim under Rule 12(b)(6) is reviewed de novo on appeal. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). We must construe the complaint in a light most favorable to Shabazz, accept all of his factual allegations as true, and determine whether he undoubtedly can prove no set of facts in support of the claim that would entitle him to relief. Id. The dismissal of Shabazz's monetary claim against Burt was not proper under this liberal standard. Parratt v. Taylor, 451 U.S. 527, 540 (1981), overruled in part, Daniels v. Williams, 474 U.S. 327 (1986), does not apply to this claim because the record does not indicate that Burt's actions were random and unauthorized. Hudson v. Palmer, 468 U.S. 517, 532 (1984). Thus, Shabazz has stated a cognizable due process claim regarding the alleged denial of his good-time credits, even though it may ultimately be determined that he is not entitled to relief. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974).
 
 
 10
 Accordingly, the district court's judgment is affirmed to the extent that it dismisses Shabazz's equitable claims and the monetary claims raised against Van Benschoten and Brown. The judgment is vacated to the extent that it dismisses Shabazz's monetary claim against Burt, and the case is remanded for further proceedings on that claim. Rule 9(b)(3), Rules of the Sixth Circuit.