United States Court of Appeals,

Fifth Circuit.

No. 94-40554.

Becky H. ALEXANDER, Plaintiff-Appellant,

v.

Richard IEYOUB, et al. Defendants-Appellees.

May 19, 1995.

Appeal from the United States District Court for the Western District of Louisiana.

Before WISDOM, WIENER, and PARKER, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Becky H. Alexander (Alexander) appeals the district court's dismissal of her 42 U.S.C. § 1983 suit against the Defendants-Appellees, the former and current parish district attorneys (DAs) of Calcasieu Parish, Louisiana, and two parish assistant district attorneys (ADAs) (collectively Defendants)[1], stemming from the 1988 seizure of Alexander's car by officials of the Calcasieu Parish Sheriff's Department. Concluding that neither the *Parratt/Hudson* doctrine nor the *Younger* abstention doctrine justifies dismissal of Alexander's § 1983 claim, we reverse and remand.

I

FACTS AND PROCEEDINGS

In September 1988, police officers from the Calcasieu Parish

---

[1]The district court granted the dismissal motions of two other defendants, District Judges William McLeod and Charley Quienalty, on the basis of judicial immunity. Alexander does not appeal that part of the district court's ruling.

Sheriff's Department, acting pursuant to an investigation of suspected drug activity, seized Alexander's automobile after its driver attempted to elude arrest. The officers arrested the driver of the car, Winston Joseph Fruge, and the car's passenger, David Lee Anthony Charney. A search of the car did not uncover any drugs or other contraband. The DA's office charged Fruge, Charney, and Alexander (who was not present at the time of the car's seizure) with various drug counts. In exchange for Charney's guilty pleas to the counts, however, the DA's office in October 1989 dismissed the charges against Alexander.

Although Alexander repeatedly requested the return of her car through a certified letter and several phone calls, the Defendants refused to release Alexander's car from custody. The Defendants told Alexander that the DA's office was holding her car on the belief that she was a consenting party to the drug violations. Under Louisiana law, property seized incident to an arrest is forfeited only after the DA institutes a hearing and shows that essential factors for forfeiture have been met.[2] In a forfeiture proceeding, dismissal of the charges against the owner of the

---

[2]La.Rev.Stat.Ann. § 32:1550(C)(1)-(3) (West 1989) provides that the property seized:

> "shall be forfeited in a hearing instituted by the district attorney upon ... a showing by the district attorney that the seizure was constitutional or that the seizure was made upon reasonable grounds to believe the seizure was constitutional[,] ... that the owner of the conveyance was knowingly and intentionally a consenting part or privy to a [drug] violation ... [and] that the value of the contraband was in excess of five hundred dollars or that the contraband was intended for commercial sale."

seized property creates a rebuttable presumption that the property will not be forfeited, unless the DA shows a compelling reason for such forfeiture by clear and convincing evidence.[3]

In October 1990, more than two years after the Defendants seized Alexander's car, she filed suit in state court seeking damages and the return of her car. In August 1991, one month before the state suit was set for trial and nearly three years after the car's seizure, the DA's office finally filed a motion to forfeit the car—instituting the forfeiture hearing necessary for determining the proper final disposition of the car. In October 1991, however, after the parties had submitted evidence and presented testimony in the forfeiture proceeding, the presiding judge suspended the forfeiture proceeding and transferred it to the judge presiding over Alexander's state tort action.

Approximately two weeks after the forfeiture proceeding was suspended, Alexander filed a § 1983 claim against the Defendants in district court, alleging that the Defendants had conspired to deprive Alexander of her constitutional right to due process. The district court granted summary judgment in favor of the Defendants on the basis of absolute immunity. On appeal, we reversed the district court's ruling that the Defendants were entitled to absolute immunity and remanded the case to the district court.[4]

The Defendants then filed a motion in the district court to

---

[3]*See* La.Rev.Stat.Ann. § 32:1550(C)(4) (West 1989).

[4]*See Alexander v. Ieyoub [Alexander I],* 997 F.2d 881, No. 92-4278 (5th Cir. Jul. 2, 1993) (unpublished opinion).

3

dismiss for failure to state a claim, or alternatively, for summary judgment, which the court granted.  The district court ruled that, based on *Parratt v. Taylor*[5] and *Hudson v. Palmer*[6] (the *Parratt/Hudson* doctrine), Alexander did not have a viable § 1983 claim.  The availability of a state tort claim remedy and a statutorily-prescribed forfeiture proceeding in which the DA had the burden of proving why the seized property should be forfeited, the district court reasoned, provided Alexander with an adequate state postdeprivation remedy for the state's intentional deprivation of her property and obviated the need for adjudication of Alexander's § 1983 claim in federal court.  In addition, the district court stated that abstention based on *Younger v. Harris*[7] (the *Younger* abstention doctrine) also justified granting the Defendants' motion, as the state court had the ability to resolve Alexander's federal claim in its pending action.  Alexander timely appealed the district court's ruling *pro se.*

II

ANALYSIS

A. STANDARD OF REVIEW

Our review of the district court's application of the *Parratt/Hudson* doctrine is *de novo,* as the issue whether Alexander alleged an actionable due process claim under § 1983 is a question

---

[5]451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part not relevant here, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

[6]468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

[7]401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

4

of law.[8]  We review the district court's decision to dismiss on *Younger* abstention grounds under an abuse-of-discretion standard.[9] Our application of the abuse-of-discretion standard in reviewing a district court's decision to abstain, however, is more stringent than in reviewing a district court's evidentiary ruling.[10]  To abstain properly, the district court must exercise its discretion strictly within the limits imposed by the particular doctrine of abstention on which the court relies.[11]

B. *PARRATT/HUDSON* DOCTRINE

Under the *Parratt/Hudson* doctrine, a state actor's negligent or intentional deprivation of a plaintiff's property does not result in a violation of procedural due process rights if there exists an adequate state postdeprivation remedy.[12]  Our examination

---

[8]*See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (reviewing *de novo* district court's dismissal for failure to state claim upon which relief may be granted); *Shabazz v. Van Benschoten,* 996 F.2d 1217 (table), No. 92-2380, 1993 WL 225324, at *2 (6th Cir.1993) (unpublished opinion) (analyzing *Parratt/Hudson* doctrine);  *Hall v. Arizona State Dep't of Corrections,* 977 F.2d 588 (table), No. 92-15641, 1992 WL 246984 at *1 (9th Cir.1992) (unpublished opinion) (examining *Parratt/Hudson* doctrine).

[9]*See American Bk. and Trust Co. v. Dent,* 982 F.2d 917, 922 n. 6 (5th Cir.1993) (holding that abstention decisions are generally reviewed under abuse-of-discretion standard).

[10]*See id.*

[11]*See id.*

[12]*See Hudson v. Palmer,* 468 U.S. 517, 529-537, 104 S.Ct. 3194, 3202-05, 82 L.Ed.2d 393 (1984) (intentional conduct); *Parratt v. Taylor,* 451 U.S. 527, 535-45, 101 S.Ct. 1908, 1913-17, 68 L.Ed.2d 420 (1981) (negligent conduct), overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

of Alexander's allegations leads us to conclude that the *Parratt/Hudson* doctrine does not foreclose her § 1983 claim.

1. *Adequacy of State Postdeprivation Remedy*

We noted in *Alexander I* that it was clear "that under applicable law, *whoever* held Ms. Alexander's property was required to institute a forfeiture proceeding promptly."[13] Alexander's allegation that the Defendants failed to institute a timely forfeiture proceeding convinces us that the available state remedies—which may be adequate in other circumstances[14]—were not adequate as applied to Alexander in the instant case.

As the purpose of the forfeiture proceeding was to determine whether the Defendants were entitled to forfeiture of Alexander's car, the Defendants' initiation of the forfeiture proceeding was a necessary predicate to adjudicating the state tort action. Consequently, even though Alexander pursued the available state remedy of filing a tort action against the Defendants seeking damages and return of her car, she could not procure relief without the Defendants' cooperation. Alexander was therefore stymied in her pursuit of her available state remedy by the very action—or, more accurately, inaction—that is the focus of her § 1983 claim.

---

[13]*Alexander v. Ieyoub,* 997 F.2d 881 No. 92-4278 (5th Cir. Jul. 2, 1993) (unpublished opinion).

[14]*See id.* (recognizing that Louisiana law provides an adequate remedy for negligent deprivation of personal property); *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir.1984) (finding no actionable claim because Louisiana law afforded opportunity to redress intentional torts as well as negligence and because complainant had not met burden of showing that state remedy was not adequate).

The Supreme Court ruled in *Logan v. Zimmerman Brush Co.*,[15] that the *Parratt/Hudson* doctrine was not designed to reach a case in which the state, pursuant to established procedures, deprives someone of "an opportunity [to be heard] granted at a meaningful time and in a meaningful manner."[16] The *Logan* Court found that the established state procedure of foreclosing a handicapped state employee's claim of unlawful termination if the state failed to convene a timely factfinding conference unreasonably destroyed the terminated employee's entitlement without proper procedural safeguards.[17] Moreover, the *Logan* Court observed that the lengthy and speculative process of bringing a state tort suit—the terminated employee's only remedy—would not be constitutionally adequate to redress the employee's injuries.[18]

The Defendants' unreasonable delay in instituting a forfeiture proceeding forced Alexander to suffer, for nearly three years, a continuing property deprivation over which she had no say or control, and it effectively denied Alexander an opportunity for redress. In light of the slow progress of Alexander's state tort action, even after the Defendants finally instituted a forfeiture proceeding, we are convinced that the available state remedies did

---

[15]455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

[16]*See id.* at 437, 102 S.Ct. at 1158-59.

[17]*See id.* at 424-428, 435-37, 102 S.Ct. at 1152-53, 1158 (under statute, state's Fair Employment Practices Commission had 120 days within which to convene conference after complainant filed discrimination charge).

[18]*See id.* at 435-437, 102 S.Ct. at 1158.

not protect, and are not adequately protecting, Alexander's right to an opportunity to address her entitlement to the car in the Defendants' custody.  We conclude that the *Parratt/Hudson* doctrine does not foreclose Alexander's § 1983 claim and that the Defendants' refusal to institute a forfeiture proceeding within a reasonable time after the seizure, even after Alexander's fervent, repeated requests, provides appropriate grounds for her claim that the Defendants violated her due process rights.[19]

2. *Random and Unauthorized Conduct*

In addition to finding that the Defendants' conduct served to enervate the adequacy of Alexander's available state remedies, we also find that the *Parratt/Hudson* doctrine is inapplicable because the "random and unauthorized" element necessary for its application is absent in Alexander's § 1983 claim.  The Supreme Court in *Zinermon v. Burch*[20] observed that, to warrant application of the *Parratt/Hudson* doctrine, the state actors' conduct must have been random or unpredictable as well as unauthorized, in the sense that it was not within the state officials' express or implied authority.[21]

---

[19]The Defendants contend that Alexander does not even own the car and therefore may not assert any rights to it. Alexander's putative ownership of the car, however, is irrelevant to the instant case, as it is a disputed issue of fact that should be (and, ideally, should already have been) resolved in a forfeiture proceeding instituted by the Defendants.

[20]494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

[21]*See id.* at 128-32, 110 S.Ct. at 985-86 (observing that Supreme Court in *Hudson* and *Parratt* concluded that, as States could not predict and therefore could not safeguard against random and unauthorized deprivations through predeprivation

We disagree with the Defendants' contention that their actions were unpredictable, intentional violations of state law that fell within the ambit of the *Parratt/Hudson* doctrine and therefore foreclosed Alexander's § 1983 claim. Although the Louisiana statute providing for a forfeiture proceeding gives the DA the authority to institute the proceeding, it does not specify a time period within which the DA should act.[22] The Defendants therefore had discretion to institute the proceeding whenever they wanted, and their actions in delaying for nearly three years, although unreasonable, were not in conflict with their authority under state law.

Moreover, Alexander averred in her § 1983 claim that the Defendants were following their common practice for dealing with seized property when they kept her car in custody without timely instituting a forfeiture proceeding, and she supported her assertion with corroborating depositions. As Alexander alleged that the Defendants' failure timely to institute a forfeiture proceeding was in accordance with their customary procedures, the "random and unauthorized" element required for *Parratt/Hudson* preclusion of a claim is not met. The Defendants' delay, which effectively blocked Alexander from asserting her rights to her car, also undermined the adequacy of the existing state remedies of a tort action and a forfeiture proceeding. Both the predeprivation

---

process, adequate postdeprivation remedies were sufficient process).

[22]*See* La.Rev.Stat.Ann. § 32:1550(C) (West 1989).

and postdeprivation conditions necessary for applying the *Parratt/Hudson* doctrine to invalidate a procedural due process claim, therefore, are unfulfilled, and Alexander has stated an actionable § 1983 claim.

C. *YOUNGER* ABSTENTION DOCTRINE

The *Younger* abstention doctrine provides that federal equitable relief is generally unavailable against pending state criminal prosecutions except in narrowly defined and unusual circumstances.[23] The Supreme Court in *Huffman v. Pursue*[24] extended the doctrine to state civil proceedings that were "both in aid of and closely related to criminal statutes," as those cases involved the same concerns of comity and federalism present in state criminal proceedings.[25]

In the instant case, two state proceedings are pending: Alexander's state tort claim seeking the car's release and damages, and the forfeiture proceeding for which no date has yet been fixed. The adjudication of the forfeiture proceeding is a prerequisite for deciding the issue of damages in the state tort action, as the proceeding would determine whether the Defendants are entitled to forfeiture of Alexander's car.

Although the Louisiana Supreme Court has recognized that a

---

[23]*See Younger v. Harris,* 401 U.S. 37, 44-46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971).

[24]420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

[25]*See id.* at 603-05, 95 S.Ct. at 1208.

10

forfeiture proceeding is quasi-criminal[26], *Younger* abstention is not appropriate in the instant case.  We have previously observed that the *Younger* abstention doctrine does not apply to a suit seeking only damages.[27]  Even though Alexander seeks both damages and the return of her car in the pending state tort action, her federal § 1983 claim seeks only monetary relief for the Defendants' delay in instituting a forfeiture proceeding.[28]  Thus, the district court did not have a valid reason for refusing to consider Alexander's § 1983 claim for damages due to the Defendants' alleged constitutional violation of her rights.

More importantly, the district court's adjudication of Alexander's § 1983 claim would not interfere with any state interest involved in the pending state proceedings.[29]  Although

---

[26]*See State v. Manuel,* 426 So.2d 140, 143 (La.1983) (object of forfeiture proceeding is "to penalize for the commission of an offense against the law" and "forfeiture is clearly a penalty for the criminal offense and can result in even greater punishment than the prosecution").

[27]*See Lewis v. Beddingfield,* 20 F.3d 123, 125 (5th Cir.1994) (*Younger* not applicable to § 1983 claim for damages);  *Allen v. Louisiana State Bd. of Dentistry,* 835 F.2d 100, 104 (5th Cir.1988) ("requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine");  *Bishop v. State Bar of Texas,* 736 F.2d 292, 295 (5th Cir.1984) (a § 1983 claim for damages is a "species of relief wholly unaffected by *Younger*" ).

[28]Even though Alexander seeks both the return of her car and damages in her state tort claim, that claim is essentially only for damages as well, as the forfeiture proceeding—and not the independent state tort action—would determine the proper disposition of her car.

[29]*See Middlesex Co. Ethics Committee v. Garden State Bar Assoc.,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) (observing that *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending

Alexander's § 1983 claim and the pending state proceedings arose out of the same event—the Defendants' seizure of Alexander's car—they are not inextricably intertwined. Alexander's constitutional claim for damages due to her inability to address her entitlement to her car until thirty-five months after the Defendants seized it has nothing to do with the pending state proceedings, which focus on whether the Defendants' *seizure* of her car (and not their *delay* in instituting a forfeiture proceeding) was constitutional. The pending state proceedings, therefore, do not afford Alexander an adequate opportunity to raise her constitutional claim related to the Defendants' unreasonable delay, as the subject of those actions is the Defendants' seizure of Alexander's car. Thus, we conclude that the district court abused its discretion by refusing, based on its unwarranted reliance on *Younger,* to exercise its jurisdiction over Alexander's § 1983 claim.

### III

### CONCLUSION

The Defendants' unconscionable delay of nearly three years before finally instituting a forfeiture proceeding calls into serious question the adequacy of the state's postdeprivation remedy in providing Alexander with due process. That a remedy exists is not sufficient—the remedy must provide redress in a meaningful and timely manner to be constitutionally adequate. Here, initiation of the forfeiture proceeding was neither timely nor meaningful.

state judicial proceedings absent extraordinary circumstances").

12

Moreover, Alexander's allegation that the Defendants were acting in their customary manner of failing timely to institute a forfeiture proceeding negates the "random and unauthorized conduct" element needed for application of the *Parratt/Hudson* doctrine. We therefore conclude that Alexander has stated an actionable § 1983 claim alleging that the Defendants violated her due process rights.

In addition, as Alexander's § 1983 claim seeks only damages for the Defendants' delay in instituting a forfeiture proceeding, the district court's adjudication of her federal claim would not impinge on the state's interest of determining its asserted forfeiture rights in the pending quasi-criminal forfeiture proceeding. Thus, the narrowly-defined *Younger* abstention doctrine is inapplicable and the district court abused its discretion in abstaining on that ground. Based on the foregoing, the district court's ruling dismissing Alexander's § 1983 claim is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

REVERSED and REMANDED.