**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-60702**
**Summary Calendar**

_____

**GEORGE POTTS, JR.**

**Plaintiff-Appellant,**

**versus**

**PETE POPE; MIKE ROBICHAUX,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**USDC No. 1:94-CV-428-Br-R**

**October 29, 1998**

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

George Potts, Jr., Mississippi prisoner #A13227, appeals from the summary judgment granted defendants in his civil rights action. (Potts' motions to supplement the record, for appointment of counsel, and for oral argument are **DENIED**.)

Potts contends that the defendants inflicted cruel and unusual punishment by placing him in substandard living conditions following a riot; and that he was deprived of his personal property without due process of law. As for the punishment claim, we have

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed the record and the briefs and find no reversible error, for essentially the reasons relied upon by the district court. *See Potts v. Pope*, No. 1:94-CV-428-Br-R (S.D. Miss. Oct. 20, 1995).

Regarding the due process claim, a random unauthorized deprivation of property does not violate due process if an adequate post-deprivation remedy exists. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995). A deprivation pursuant to policy or other authorization, however, may violate due process despite the availability of such remedies. *Id.* at 712-13. On the other hand, "[t]he necessity for quick action by the state coupled with an adequate post-deprivation hearing [may] obviate[] the need for a predeprivation hearing". *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988). Restated, the availability of post-deprivation remedies satisfies due process when exigent circumstances exist that allow a property seizure without a predeprivation hearing. *McQueen v. Vance*, No. 95-50486, slip op. at 2-3 (5th Cir. Sep. 20, 1995)(precedential unpublished opinion).

Jail authorities acted legitimately to restore order and ensure security when they seized prisoners' personal property to search for contraband. Under the circumstances, no predeprivation process was necessary. In addition, Mississippi provides adequate post-deprivation relief through legal actions in state court. *Nikens v. Melton*, 38 F.3d 183, 185-8 (5th Cir. 1994); MISS. CODE ANN. § 11-38-1 (Supp. 1998). Because Potts had adequate post-deprivation remedies, there was no due process violation.

*AFFIRMED*