IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31255
Summary Calendar
_____

MOHD RIBHE MAHMOUD

        Plaintiff - Appellant

v.

GEORGE BOWIE, Etc; ET AL

        Defendants

GEORGE BOWIE, Individually and in his official capacity;
MARY HILL, Individually and in her official capacity;
SID HEBERT, Individually and in his official capacity;
AGATHA BOUTTEE; LOUIS DORSEY; JERRY DORBY; JOSE, Lieutenant;
HOLMES, Sergeant; JUDY CUFFEE; JOE FINK; RON NICHOLAS;
LYNN UNDERDOWNE; RAYMOND MURREY; MICHEAL KELLY; MIKE ROMERO;
WILLIAM FLORES; DEBBY MITCHELLE

        Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-275
--------------------
September 14, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    Mohd Ribhe Mahmoud, a detainee of the Immigration and
Naturalization Service (INS) # A22539-198, filed a civil rights
action under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named
Agents, 403 U.S. 388, 389 (1971) against various INS officials

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and officials of the Iberia Parish Jail. Contrary to the finding of the district court, Mahmoud is not subject to the Prisoner Litigation Reform Act (PLRA) because the PLRA does not apply to INS detainees. See Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997); Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000). Mahmoud may proceed in forma pauperis (IFP) on appeal in accordance with Fed. R. App. P. 24(a)(3). Accordingly, the district court's order of December 27, 1999, imposing a filing fee under the PLRA is VACATED and any money paid in conformance to that order shall be returned to Mahmoud.

With respect to the merits of Mahmoud's appeal we review a dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) de novo. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). We will assume the truth of Mahmoud's factual allegations, and will uphold the lower court "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted).

Mahmoud asserts that he was deprived of his property without due process of law. "Under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." Alexander v. Ieyoub, 62 F.3d 709, 712 ( 5th Cir. 1995) (footnote omitted); Parratt v. Taylor, 451 U.S. 527, 541-44 ( 1981) (overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986)); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Mahmoud's allegation that prison officials stole his property following cell searches fits these conditions.  Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mahmoud asserts that he was denied access to the courts. Mahmoud asserts that he suffered prejudice because this court refused his suggestion for a rehearing en banc and because the Supreme Court denied certiorari in his habeas case and because he was not able to timely apply for relief under new rules of the International Convention Against Torture.  These assertions do not demonstrate prejudice to his case.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Mahmoud also alleges that he was not given enough time in the law library to provide help to other inmates. This claim asserts the rights of others and does not implicate Mahmoud's right to prepare and transmit his own necessary legal documents to a court.  See Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Mahmoud asserts various unconstitutional conditions of confinement.  The due process clause of the Fourteenth Amendment protects detainees from being subjected to conditions of confinement that constitute punishment.  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996)(citing Bell v. Wolfish, 441 U.S. 520, 535 (1979).  The Bell test applies "when a pretrial detainee attacks general conditions, practices, rules, or restrictions of pretrial confinement."  Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc).  If a pretrial detainee bases his claim upon a jail official's "episodic acts or omissions," the standard of subjective deliberate indifference enunciated in

<u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), is the measure of culpability.  <u>Hare</u>, 74 F.3d at 643.

With respect to his claims of denial of medical care, Mahmoud is raising a claim of an episodic denial of medical care and he has not demonstrated deliberate indifference to his serious medical needs.  <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993).

Mahmoud asserts that the jail does not have adequate fire protection; that the shower and toilet area were unsanitary; that the jail does not provide for adequate physical exercise or mental stimulation; that he was not clothed properly; that he was not issued nail clippers and Q-tips; and that the food was unappetizing.  All of these claims are either conclusional or de minimis and do not rise to the level of constitutional violations.  The judgment of the district court is AFFIRMED.

AFFIRMED; IFP ORDER VACATED.