IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60622
Summary Calendar
_____

DAVID GRAY,

                                        Plaintiff-Appellant,

versus

JAMES V. ANDERSON, Commissioner - MDOC;
E. L. SPARKMAN, Warden - MCCF; JUSTIN HALL,
Director for Private Prisons - MDOC & MCCF;
ANN LEE, Director of Offender Services - MDOC;
WACKENHUT CORRECTION CORPORATION; LEASA AGNUE;
DREDRIA PHILLIPS; VANDIVER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CV-9-P
--------------------
February 10, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Gray, a Mississippi prisoner (# 01440), seeks leave
to proceed in forma pauperis ("IFP") on appeal following the
district court's dismissal of his 42 U.S.C. § 1983 complaint for
failure to state a claim upon which relief can be granted, under
28 U.S.C. § 1915(e)(2)(B)(ii).  By moving for IFP, Gray is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Gray has effectively abandoned any claims that defendants Anderson, Sparkman, Hall, Lee, and the Wackenhut Correction Corporation violated his rights by refusing to transfer him back to a prison much closer to his aging and ailing parents. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Gray continues to argue that defendants Vandiver, Agnew[**], and Phillips violated his due process rights by causing the confiscation of many of his personal items upon his arrival at the Marshall County Correctional Facility ("MCCF") in May 1999 and the destruction or loss of that property in October 1999. Although it is not disputed that this confiscation and destruction was undertaken pursuant to prison policy, rather than because of the "random" and "unauthorized" acts of the defendants, Gray has not demonstrated that either the policy or the defendants' actions violated the Due Process Clause. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982); Alexander v. Ieyoub, 62 F.3d 709, 712-13; cf. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981). Gray suggests that the destruction of his property violated his constitutional rights only because,

---

[**] Lesha Agnew's name is misspelled as "Leasa Agnue" in the official caption.

for an inmate like Gray who is serving a life sentence, prison is his "home" and because he had litigation regarding the property pending at the time it was destroyed.

Gray has failed to show that the claims that were dismissed present nonfrivolous issues for appeal. Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith. Gray's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous and for failure to state a claim both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). In Gray v. Turner, No. 00-60353 (5th Cir. Nov. 2, 2000) (unpublished), this court affirmed the district court's dismissal as frivolous of another civil rights complaint by Gray, which counted as a prior strike. Id. at 387. He has now accumulated three strikes. Accordingly, Gray may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Gray's motion for appointment of counsel is DENIED.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES BAR IMPOSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.