United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40121
Conference Calendar

———————————

CURTIS LEE WILSON,

Plaintiff-Appellant,

versus

MONA HOLT, Correctional Officer 3; SHERRY DICKENS, Correctional
Officer 3; KATHLEEN J. TABOADA, Correctional Officer 3;
SHERRI L. MILLIGAN, Property Manager; KAREN J. NORMAN,
Correctional Officer 5,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-507
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Curtis Lee Wilson, Texas prisoner # 500061, appeals the
district court's dismissal of his pro se, in forma pauperis
(IFP), 42 U.S.C. § 1983 complaint as frivolous.  Wilson's
complaint sought the return of personal property and compensation
for damages.  Wilson argues that the district court erred in
concluding his claim was barred.  We review de novo.  See
Alexander v. Ieyoub, 62 F.3d 709, 712 (5th Cir. 1995).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Under the Parratt/Hudson doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." Id. (footnote omitted); Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Texas has an adequate postdeprivation remedy for Wilson's asserted loss; thus, Wilson's claim was not properly raised in a 42 U.S.C. § 1983 action. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994).

Wilson's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). As the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilson is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.