# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-60558
Summary Calendar

AMOS F SMITH

Plaintiff-Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-147

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Amos F. Smith, Mississippi prisoner # 92541 appeals the dismissal, for failure to state a claim upon which relief could be granted, of his civil rights action. Smith's complaint included a claim to recover funds allegedly taken from his prison account without authorization. Smith also claimed that he was being denied access to the courts because he did not have access to a law library and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the inmate legal assistance program would not assist him in filing a tort action to recover the missing funds.

A dismissal under 29 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

Due Process Claim

The district court dismissed Smith's claim regarding the taking of his funds pursuant to *Hudson v. Palmer*, 468 U.S. 517 (1984). "Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (footnote omitted); *Hudson,* 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The *Parratt/Hudson* doctrine is applicable if (1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. *Caine v. Hardy,* 943 F.2d 1406, 1413 (5th Cir. 1991) (en banc).

Smith argues prison officials have engaged in a "pattern" of taking money from inmates' accounts. In his complaint, Smith alleged that his funds were taken pursuant to the policy, practices, and customs of the Mississippi Department of Corrections. "As this Court noted, where employees are acting in accord with customary procedures, the 'random and unauthorized' element required for the application of the *Parratt/Hudson* doctrine is simply not met."

*Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (internal citations omitted).

Smith's allegations, which this court must accept as true, even if they are doubtful in fact, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007), preclude application of the *Parratt/Hudson* doctrine at this stage of the proceedings. *See Woodard*, 419 F.3d at 351; *Augustine v. Doe*, 740 F.2d 322, 327-29 (5th Cir. 1984). Accordingly, we vacate the district court's dismissal of Smith's claim regarding the alleged taking of funds from his prison account and remand for further proceedings.

Claim of denial of access to the courts

Smith argues that his right of access to the courts is being violated because there is no law library and he cannot obtain legal assistance to pursue other remedies regarding the alleged taking of his funds. The district court did not address this claim.

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Given Smith's factual allegations regarding the absence of a law library and his inability to obtain legal assistance in preparing a tort action to recover his funds, the district court erred in dismissing Smith's claim of denial of access to the courts without addressing it. Accordingly, the dismissal of this claim is vacated and the claim is remanded for further proceedings.

VACATED AND REMANDED.