

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————————

No. 07-18-00180-CV

———————————————————

ENEDELIA SEPEDA, APPELLANT

V.

LORIE DAVIS, ET AL., APPELLEES

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. DC-16-45179; Honorable Grant Kinsey, Presiding by Assignment

March 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Enedelia Sepeda, an inmate proceeding *pro se* and *in forma pauperis*, sued Appellees, Lorie Davis, TDCJ-ID Director, Whitney Franks, Assistant Warden, Sergeant Francis M. Samic, and Corrections Officer Angela M. Wilson, all employees of the Texas Department of Criminal Justice, for conversion. Pursuant to the Texas Tort

Claims Act,[1] Appellees filed a plea to the jurisdiction which the trial court granted, resulting in Sepeda's suit being dismissed with prejudice. By this appeal,[2] Sepeda challenges the trial court's order by questioning whether (1) Appellees met the requirements of section 101.106(f) of the Act on election of remedies; (2) the trial court violated the open courts provision of Article I, Section 13 of the Texas Constitution; (3) the trial court should have afforded her the opportunity to amend her pleadings; (4) the State's liabilities were met; and (5) her First, Fifth, and Fourteenth Amendment rights were violated.

Appellees respond that (1) Sepeda's claim falls within the Act and the trial court was without subject matter jurisdiction; (2) the trial court did not violate Article I, Section 13 of the Texas Constitution; and (3) the trial court did not err in failing to allow Sepeda to amend her pleadings because her allegations negated the existence of jurisdiction. We affirm.

BACKGROUND

Sepeda is an inmate in the Texas Department of Criminal Justice. According to the appellate record, TDCJ's employees confiscated her property during a search of her dormitory cubicle. In pursuing her administrative remedies, Sepeda was informed that some of her property had been disposed of or destroyed per TDCJ's policy. During the grievance system process, some property was returned to Sepeda and two offers of settlement were made, which she refused. Instead, she filed a federal civil rights action

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (West 2019), hereafter referred to simply as "the Act."

[2] Originally appealed to the Tenth Court of Appeals, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

against Appellees in their official and individual capacities pursuant to 42 U.S.C. § 1983 for deprivation of legal materials she needed in order to prepare a writ of habeas corpus. Her suit was dismissed upon a recommendation from the United States District Court for the Western District of Texas, Waco Division, for failure to state a cognizable claim because the State of Texas provides an adequate post-deprivation remedy—the tort of conversion.

Sepeda moved to amend her original complaint to state a claim in state court for conversion of her legal materials and certain personal property items. She sued Appellees in their official and individual capacities.

Appellees responded with a motion to dismiss acknowledging that although Sepeda's conversion claim was now properly in state court, she failed to comply with chapter 14 of the Texas Civil Practice and Remedies Code. A telephonic hearing was held on Sepeda's request to amend her complaint and on Appellees' motion to dismiss. Appellees clarified they were no longer seeking dismissal under chapter 14 and advised the trial court they were not opposed to Sepeda's request to proceed in state court under a conversion claim. The trial court granted Sepeda's motion to amend her complaint and offered Appellees time to file an answer to the amended complaint. Appellees answered that they were entitled to official immunity under the Act because they were performing their duties in good faith and within the scope of their authority.

Several months later, Appellees filed a plea to the jurisdiction alleging the trial court lacked subject matter jurisdiction and that Sepeda's suit was barred by the Act. According to Appellees, Sepeda's proper remedy was to seek relief from TDCJ under sections

501.007 and 501.008 of the Texas Government Code.[3]  They asserted that section 101.106(f) of the Act barred Sepeda's claim.[4]  They continued that even if Sepeda was permitted to amend her conversion complaint, her claim would still fail because it did not fall within the Act's limited waiver of immunity.  *See* § 101.021(1)(A).[5]  Agreeing with Appellees, the trial court granted the plea to the jurisdiction and dismissed Sepeda's claims with prejudice for lack of jurisdiction.  Sepeda filed this appeal.

ISSUES ONE AND THREE

By issues one and three, Sepeda maintains the trial court erred in granting Appellees' plea to the jurisdiction and dismissing her suit with prejudice without allowing her the opportunity to amend her pleadings.  We disagree.

---

[3] The Government Code provides a procedure for an inmate's claim for lost or damaged property and for resolution of grievances.  TEX. GOV'T CODE ANN. §§ 501.007-.008 (West 2012).

[4] Section 101.106(f) provides as follows:

If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

[5] Section 101.021 provides as follows:

A governmental unit in the state is liable for:

(1) property damage . . . proximately caused by the wrongful act . . . of an employee acting within his scope of employment if:
   (A) the property damage . . . arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
   (B) the employee would be personally liable to the claimant according to Texas law; [or]
(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

APPLICABLE LAW

A suit against a government employee in his official capacity is a suit against his government employer; therefore, an employee sued in his official capacity has the same governmental immunity, derivatively, as the government employer. *Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011). Section 101.106(f) of the Act was added in 2003 to include an election-of-remedies provision to protect government employees and prevent circumvention of the Act.[6] *See Univ. of Tex. Health Sci. Ctr. v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017); *Tex. Tech Univ. Health Scis. Ctr. v. Villagran*, 369 S.W.3d 523, 528 (Tex. App.—Amarillo 2012, pet. denied). The Act extends immunity from suit for intentional torts to government employees if the suit (1) is based on conduct within the scope of the employment and (2) it could have been brought against the governmental unit under the Act. § 101.106(f); *Franka*, 332 S.W.3d at 369. A tort claim may be brought under the Act regardless of whether the Act waives immunity for that claim. *Id.* at 379.

"'Scope of employment' means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." § 101.001(5). A government employee acts within the scope of his authority if he is discharging the duties generally assigned. *Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.) (citing *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004)). In other words, an employee's scope of authority extends to assigned job duties, even if the employee errs in completing those duties. *Id.*

---

[6] *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 11.05, 2003 Tex. Gen. Laws 847, 886.

An allegation that prison personnel confiscated or destroyed an inmate's personal property is a conversion claim. *Stewart v. Tex. Dep't of Crim. Justice*, No. 07-11-0410-CV, 2013 Tex. App. LEXIS 9, at *3 (Tex. App.—Amarillo Jan. 2, 2013, pet. denied), *cert. denied*, 572 U.S. 1004, 134 S. Ct. 1534, 188 L. Ed. 2d 453 (2014) (mem. op.). Conversion is an intentional tort. *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 361 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The Act does not apply to intentional torts. § 101.057(2). However, an allegation of an intentional tort does not affect the application of section 101.106 of the Act. *Franka*, 332 S.W.3d at 375 ("any tort claim against the government is brought 'under' the Act for purposes of section 101.106, even if the Act does not waive immunity"). Accordingly, conversion claims asserted against government employees sued in their official capacity fall under the Act. *Robinson v. Mullens*, 10-16-00158-CV, 2018 Tex. App. LEXIS 1578, at *3 (Tex. App.—Waco Feb. 28, 2018, no pet.) (mem. op.) (citing RESTATEMENT (SECOND) OF TORTS, § 222A 1979)).

STANDARD OF REVIEW

We review whether a trial court has subject matter jurisdiction under a *de novo* standard. *Tex. D.O.T. & Edinburg v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In doing so, we exercise our own judgment and redetermine each legal issue, without giving deference to the lower court's decision. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999).

A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action "without regard to whether the claims asserted have merit." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Without subject

matter jurisdiction, a court does not have the authority to render judgment and must dismiss the claims without regard to the merits. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). The burden is on the plaintiff to plead facts affirmatively demonstrating the trial court's jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

In reviewing the granting of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to the jurisdictional issue without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Id.* We construe pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be allowed the opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend and replead. *Id.* at 227.

ANALYSIS

Sepeda does not dispute that TDCJ is a governmental unit and that Appellees are TDCJ employees. In support of her claim, she argues that Appellees acted outside the scope of their authority. She also argues that Appellees did not satisfy the requirements of section 101.106(f).

By her complaint, she alleged that Appellees destroyed various legal documents essential to filing a writ of habeas corpus which denied her access to courts and violated her due process rights. She alleged that TDCJ did not provide "adequate administrative

7

procedures to effectuate [her] right to recover" under sections 501.007 and 501.008 of the Texas Government Code. She also alleged that after she filed her original 42 U.S.C. § 1983 claim, certain Appellees retaliated against her by confiscating personal property. Her complaint continued that Appellees continuously searched her cubicle until contraband was discovered.

Sepeda asserts she filed appropriate forms in pursuit of her administrative remedies and was finally advised that "[p]roperty was destroyed/disposed of per policy." By her complaint, she sought injunctive, declaratory, and monetary relief.

A deprivation of a plaintiff's property does not result in a procedural due process violation if the state provides an adequate post-deprivation remedy. *Alexander v. Ieyoub*, 62 F.3d 709 712 (5th Cir. 1995). Texas provides an adequate remedy. *See* TEX. GOV'T CODE ANN. § 501.007 (West 2012). *See also Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (holding that tort of conversion is an adequate post-deprivation remedy).

Appellees were discharging their duties when they confiscated Sepeda's property, some of which was later destroyed pursuant to TDCJ policy. A claim of conversion falls within the Act. *Franka*, 332 S.W.3d at 375. Section 101.021 of the Act describes the circumstances under which governmental immunity is waived, none of which apply here. *See supra*, n.5. Thus, Sepeda cannot amend her pleadings to describe facts that would exclude her conversion claim from being brought under the Act. § 101.106(f). Her claim is jurisdictionally defective and cannot be cured. Based on our *de novo* review of the record before us, we conclude the trial court did not err in granting Appellees' plea to the jurisdiction. Issues one and three are overruled.

ISSUE TWO—VIOLATION OF ARTICLE I, SECTION 13 OF THE TEXAS CONSTITUTION

Sepeda further contends the trial court's dismissal of her suit under section 101.106(f) violated the open courts provision of the Texas Constitution. Section I, Article 13 of the Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

For Sepeda to establish an open-courts violation, she was required to show that (1) section 101.106(f) restricted a well-recognized, common-law cause of action and (2) the restriction was unreasonable or arbitrary when balanced against the Act's purpose. *Lund v. Giaugue*, 416 S.W.3d 122, 127 (Tex. App.—Fort Worth 2013, no pet.). Dictum in *Franka* suggests that section 101.106(f) does not violate the open-courts provision. *See Franka*, 332 S.W.3d at 385 ("restrictions on government employee liability have always been part of the tradeoff for the Act's waiver of immunity"). *See also Lund*, 416 S.W.3d at 128.

As Appellees point out, the fact that Sepeda's suit was unsuccessful does not result in a denial of access to courts. Accordingly, the trial court did not violate the open-courts provision of the Texas Constitution. Sepeda's second issue is overruled.

ISSUES FOUR AND FIVE—DEFAULTED ISSUES

By issue four, Sepeda invokes section 104.002 of the Act which provides for State liability under certain circumstances and she cites to *Tex. Workers' Comp. Comm'n v. Horton*, 187 S.W.3d 282 (Tex. App.—Beaumont 2006, no pet.). However, other than reciting the language of the statute and a quote from Thomas Jefferson, she presents no argument or record references in support of her issue. Consequently, she has waived

issue four.  *See* TEX. R. APP. P. 38.1(i).  Sepeda also failed to mention or present any argument on her fifth issue in the body of her brief.  It too is waived.  *Id.*  Therefore, based on procedural default, issues four and five are overruled.

CONCLUSION

The trial court's order granting Appellees' plea to the jurisdiction is affirmed.



Patrick A. Pirtle
Justice