# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2021

Lyle W. Cayce
Clerk

No. 20-40252
Summary Calendar

James A. Meeks,

*Plaintiff—Appellant*,

*versus*

Senior Warden Nash,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-263

Before Davis, Jones, and Elrod, *Circuit Judges.*

Per Curiam:*

James A. Meeks, Texas prisoner # 543366, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Meeks alleged that Texas Department of Criminal Justice (TDCJ) officials seized and packed his and other inmates'

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40252

belongings in a semitruck to transfer to a new facility. At the new facility, he claimed that officials stacked the inmates' property in a pile outside in the rain, causing destruction of their belongings. Further, he alleged that some of his property went missing during the transfer and was not returned to him.

Under the *Parratt/Hudson* doctrine,[1] the deprivation of a constitutionally protected property interest caused by a state actor's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim unless the state fails to provide an adequate postdeprivation remedy. *Zinermon v. Burch*, 494 U.S. 113, 115 (1990). Postdeprivation remedies, such as state tort suits, "do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

Affording Meeks's pro se pleadings liberal construction, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), we read Meeks to allege that the state delegated power to the defendants to transfer the inmates' property from one facility to another. He alleged that the state delegated power to the defendants to transfer the inmates' property from one facility to another. His original complaint did not state whether the officials unloaded the inmates' property in accordance with prison policy. Even though his complaint was ambiguous, Meeks clearly stated in his objections to the magistrate judge's report and recommendations that the property transfer was "done randomly and unauthorized as an action written in the TDCJ policy." Further, the exhibits to his complaint, including his grievance claim, stated that TDCJ officials failed to follow their customary procedures, meaning that their conduct was random and unauthorized for purposes of *Parratt/Hudson*. *See*

---

[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

*Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996); *Alexander v. Ieyoub*, 62 F.3d 709, 713 (5th Cir. 1995).  To the extent that Meeks alleged that items of his property were lost, such an action is inadvertent by nature and could not be done pursuant to policy.  Therefore, the district court correctly determined that Meeks did not show that a § 1983 suit was an appropriate remedy under the circumstances.  *See Augustine v. Doe*, 740 F.2d 322, 329 (5th Cir. 1984); *see also Hudson*, 468 U.S. at 532.

Additionally, Meeks argues that the prison grievance procedure was an inadequate state remedy, but he fails to address the district court's finding that a state tort lawsuit would satisfy procedural due process.  Therefore, he has abandoned any challenge to that finding.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, we AFFIRM the district court's dismissal of Meeks's § 1983 complaint for failure to state a claim.  *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011).